## GREAT EASTERN OIL CO. et al. v. LEWIS et al.

## No. 11249.

Court of Civil Appeals of Texas. Dallas. March 26, 1932.

Rehearing Denied April 30, 1932.

T. B. Reese and Luther Nickels, both of Dallas, for appellants.

E. E. Hurt, of Dallas, and Wynne & Wynne, of Wills Point, for appellees.

JONES, C. J.

Appellees, L. D. Lewis and some sixteen others, filed suit in the district court of Van Zandt county against appellants, the Hartt Petroleum Company, a Delaware corporation doing business in Texas, and of which Grover Hartt of Dallas is president, the Great Eastern Oil Company, a Texas corporation, of which Grover Hartt is also president and manager, and Eugene Peace and James Peace, of Van Zandt county, to secure the appointment of a receiver to take charge of all the properties belonging to appellants, situated in Texas, and to recover damages in the sum of $50,000, for alleged breach of contract. The immediate appointment of a receiver ex parte was prayed for. The petition of appellees, duly verified by two of them, was filed in the district court on February 11, 1932, and on said date E. M. Greer was appointed receiver without notice to appellants. The order appointing the receiver gave him authority to "demand of the defendants to deliver to him all of such assets and property of every kind and character of which the defendants are in possession, and claiming any right therein." The order required the receiver to execute a bond in the sum of $2,000, and such bond was duly executed and the receiver qualified under the law.

Appellants at once perfected an appeal, and, on application to this court, the receivership was stayed, pending the final disposition of the cause.

Appellants' main contentions may be thus briefly stated: (a) The petition stated no grounds for the appointment of a receiver; and (b) if mistaken in this, then the petition stated no grounds authorizing the appointment of a receiver without notice.

Appellees contend that their suit, in so far as they ask for a receiver, is based on subdivisions 1 and 3 of article 2293, Rev. St. 1925. These sections authorize the appointment of a receiver under the conditions named therein and are:

Subdivision 1: "In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

Subdivision 3: "In cases where a corporation is insolvent or in imminent danger of insolvency; or has been dissolved or has forfeited its corporate rights."

While the right to a receiver on these grounds is statutory, nevertheless it is the policy of this state that the procedure to be

followed by the court, in the matter of the appointment of a receiver, must be such as is authorized by the rules of equity. Article 2319, R. S. 1925; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544. Under such rules, the necessity for a receiver must appear in the petition by clear and unambiguous allegations of fact, as distinguished from allegations stating merely conclusions.

It is contended that appellees' petition does not measure up to the rule above announced. The petition is very lengthy, and, in order to make a proper disposition of this appeal, we do not find it necessary either to state same at length, or to make a close analysis of its allegations, as this case must be reversed and rendered on the second ground above stated; that is, that the petition is clearly wanting in any allegations of fact, authorizing the court, without notice, to take all of the property in Texas owned by, or in the possession of, the two corporations, or owned by, or in the possession of, the individual appellants, and to place such property in the hands of a receiver, without allowing appellants the right of a court hearing.

The condition under which a court of equity is authorized to take such drastic action as the appointment of a receiver to take charge of the property of another, without notice, is stated and fully discussed in the opinion of this court in the case of C. P. Oil Company v. J. H. Shelton, 48 S.W.(2d) 509, this day rendered. In that case we fully discussed this question and cited authorities sustaining our views, and, as such discussion and authorities are just as applicable to the petition in the instant case, they are here referred to and adopted as the discussion and authorities in this case.

It follows that, in our opinion, the trial court was without authority, under the allegations in appellees' petition, to appoint the receiver without notice, and that this case must be reversed and here rendered in favor of appellants, discharging such receiver; it also follows that the bond given by appellants in this court to stay such receivership, pending this appeal, should be canceled, and it is so ordered.