### BANKERS' LIFE & LOAN ASS'N v. CREMONA.

### No. 11715.

Court of Civil Appeals of Texas. Dallas. Dec. 2, 1933.

Sullivan & Wilson, of Dallas, for appellant.
Vess E. Jones, of Dallas, for appellee.

BOND, Justice.

On November 9, 1933, appellee, Tony Cremona, instituted suit against the Bankers' Life & Loan Association, appellant, on an alleged certificate of insurance, asked for the appointment of a receiver to take charge of appellant's affairs and to subject its properties to an administration by the court. On the same day, without notice to or citation upon appellant, or its managing officials, the court appointed E. P. Bryant, with plenary powers incident to such appointment. This is a direct appeal from such appointing order.

The petition discloses that appellant has no permit, under the law, to do business within this state, that it is insolvent, and that its officials are squandering its assets. The petition does not set out any reason why notice could not have been given to or citation served upon appellant's managing officials, or any excuse for such haste in the appointment of such receiver, or that the applicant would suffer hurt by the exercise of such reasonable precaution by amendatory writs to avoid irreparable damage to appellant. The petition is wholly devoid of any legal or equitable grounds for the drastic action of dispossessing appellant of its property and in placing it in the control of another on an ex parte claim.

Generous discretion is, by law, accorded a trial court in the exercise of its power to protect its jurisdiction and the subject-matter of suits coming within its jurisdiction. However, the very basis upon which the law predicates protection to a citizen in the enjoyment of his property is that he shall not be deprived of its possession without his knowledge and consent, and that it shall not be appropriated by another without due process of law. The law does not countenance the action of "a court's condemning a man, unheard, dispossessing him of property prima facie his, and hand over its entire control to another on an ex parte claim. * * * 'It (a court) should, therefore, exercise extreme caution in the appointment of receivers on ex parte applications, and be careful that a proper case is presented before it acts; and it should not be done without notice to the party whose property is to be affected, except in cases of the greatest emergency demanding the immediate interference of the court.' " C. P. Oil Co. v. Shelton (Tex. Civ. App.) 48 S.W.(2d) 509, 510; Corsicana Hotel Co. v. Kell, 66 S.W.(2d) 760, opinion by this court.

The appointment of a receiver ex parte by a trial court is an abuse of discretion, when the petitioner fails to disclose an urgent and immediate necessity therefor and that a restraining order is not available for the protection of his right from an impending danger. The petitioner in this case, we think, does not disclose any reason why notice could not have been given to appellant before the appointment of the receiver, so sweeping in its character and so powerful an agency in the destruction of private rights. Appellant is a mutual life insurance association, its very existence depending upon contributions of its members; thus a more destructive agency could hardly be devised than a court action, putting its affairs in the hands of a receiver appointed ex parte; it is tantamount to a complete liquidation of its affairs without a hearing. The petition fails to show why a restraining order for a limited time, until all the facts may be heard, is unavailable; such undoubtedly would prevent oppression and ill-advised interference with the rights in property. Audi alteram partem (hear the other side) is one of the maxims of civil law and portrays the doctrine that a man should not be condemned without a hearing and is only the instinct of right, that which permeates our whole system of equity and brings it in harmony with the principles of abstract justice.

We conclude that the appointment of the receiver without notice was unauthorized; therefore the judgment of the court below is reversed, and judgment here rendered vacating the receivership.

Reversed and rendered.