### SHELL OIL CO., Inc., et al. v. TURNBOW et al.

### No. 5664.

Court of Civil Appeals of Texas. Texarkana.

July 5, 1940.

Rehearing Denied July 18, 1940.

Walace Hawkins, Roy C. Ledbetter, and J. W. Timmins, all of Dallas, Vinson, Elkins, Weems & Francis, Tarlton Morrow, Barksdale Stevens, R. H. Whilden, W. B. Wagner, J. P. Adoue, Nelson Jones, E. E. Townes, and R. E. Seagler, all of Houston, Florence & Florence and Russell Surles, all of Gilmer, and Bramlette, Levy & Dotson, of Longview, for appellants.

Gerald C. Mann, Atty. Gen., James Noel, Asst. Atty. Gen., and Walter C. Linden, Jr., of Longview, for appellees.

WILLIAMS, Justice.

W. C. Turnbow, claiming the leasehold estate in a strip of land 50x4821 varas, filed this suit on April 4, 1939, in trespass to try title. The State of Texas, the other appellee, claiming the fee title, filed its intervening petition on same date, adopted the allegations of Turnbow and joined him in an application for the appointment of a receiver of this strip.

Upon an ex parte hearing, without notice to any of some forty defendants, the court appointed a receiver of this strip

of land with authority to enter upon, take charge of and develop same for oil, and in furtherance thereof restrained the numerous defendants from interfering with the receiver in his operations as such. The receiver forthwith qualified.

This is an appeal perfected by some of the defendants from above interlocutory order entered on April 4, 1939, in which they assert the appointment of the receiver, without notice, under this record, was unauthorized and an abuse of discretion. This is sustained. 53 Cor.Jur. p. 59, § 54. As appellees in their respective briefs make no contention to the contrary, no purpose will be served by detailing appellees' allegations or any of the evidence offered on the ex parte hearing.

It is appellees' position that the questions here involved have become moot and this appeal should be dismissed. This record does not support such a position. In this connection, appellees assert that the respective pleas in abatement filed by J. F. Bland, J. W. Free, Mrs. S. E. Richardson, Mudge Oil Company, Humble Oil & Refining Company, Atlantic Refining Company, Earl P. Halliburton, Inc., and Shell Oil Company, have each been sustained since they perfected their appeal and the receivership and restraining order as to them has been vacated. Such facts have been made known to the court and agreed to by litigants. But it is to be noted that this order vacating the receivership as to above named litigants further reads, "but as to all other parties and property, the present status is preserved and continued in full force and effect." This thus leaves the receivership in full force as to the other appellants, Howard Hampton, Sun Oil Company, the Superior Oil Company and the Magnolia Petroleum Company, and the properties claimed by each respectively.

Subsequent to the appointment of the receiver, various appellants appeared in court, excepted and gave notice of appeal. Various appeal bonds were filed. Various pleas in abatement, pleas of privilege, and controverting pleas were filed. These bonds and pleas were filed on April 19 and 20, 1939. The transcript and statement of facts were filed in this court on April 24, 1929, and included all these appeal bonds and pleadings. Appellees assert certain pleadings (naming them) were not necessary to this appeal and seek to have the costs incident to their inclusion in the transcript taxed against appellants.

This is overruled. We pretermit a discussion which of these, if any, were unnecessary to this appeal. Article 2278, R.C.S., provides that the transcript shall contain a full and correct copy of all the proceedings had in the cause except as provided in Article 2279, R.C.S., where "the parties may, by agreement in writing, with the approval of the judge, direct the clerk to omit from the transcript any designated portion of the proceedings * * *." See, also, District & County Court rule 85. No agreement had been made to omit any portion of the proceedings from the transcript.

From the conclusions herein reached, the judgment below is reversed and here rendered vacating the receivership; the restraining order incidental to the order appointing the receivership is dissolved; and all costs are taxed against appellees.