**ELLIS v. FILGO.**

No. 13613.

Court of Civil Appeals of Texas. Dallas.

Jan. 5, 1945.

Jack Johannes, of Dallas, for appellant.

John A. Erhard, of Dallas, for appellee.

PER CURIAM.

The appeal is from an ex parte receivership, involving a 1939 De Soto automobile, upon verified petition of appellee duly filed in district court. The allegations of aforesaid petition, invoking above order, are, in substance: That Ellis went to the business place of appellee, an automobile dealer, negotiated for purchase of the car, agreeing to pay the sum of $1,050 cash; that said defendant Ellis represented to plaintiff's agent that he desired to borrow money from a local bank, with the car as security, in order to realize the full cash consideration due plaintiff, and requested a loan of the vehicle and title papers for bank inspection so that such loan could be later consummated. Plaintiff's agent, believing said statements and representations, accordingly loaned to Ellis the car and title records for the described purpose, but that defendant thereupon gave the car as security to the Hillcrest State Bank; further fraudulently obtaining title to the property by driving same to Collin County, registering it in his name; thereby securing both title and possession by false and fraudulent devices without paying to plaintiff any part of the cash consideration; that defendant was further undertaking to conceal the automobile and place it beyond reach of plaintiff; same having been repossessed while located in the yard of one C. S. Reagan near the town of Irving, Dallas County; alleging no adequate remedy at law, and necessity of the instant proceedings to prevent irreparable loss and damage; otherwise fearing that the subject matter would be entirely lost or destroyed. Prayer of petition was for judgment in sum of $1,050, or in the alternative, for title and possession, etc.

Appellant's points challenge validity of the receiver's appointment as an abuse of

740

discretion on part of the trial court, in absence of specific verified allegations of any fraudulent acts or conduct of defendant justifying the order, or that defendant was unable to respond in damages; insufficient allegations for statutory receivership without notice; the petition not negativing sufficiency of other remedies, such as attachment or injunction; same alleging only conclusions as a basis of the seizure, without notice or hearing.

 This appeal is direct from the order of appointment; hence the sworn fact allegations of petitioner are to be treated as true and competent evidence in testing propriety of the relief secured: Friedman Oil Corp. v. Brown, Tex.Civ. App., 50 S.W.2d 471. Assuming plaintiff's facts to be as stated for purpose of this opinion, his case is seen to be bottomed upon fraud and assertions that defendant's method of securing possession and title was tantamount to a criminal conversion of property. Authority of the trial court to enter the order may be predicated upon statutory grounds: Article 2293, R.S., Subd. 1, "In an action by a vendor to vacate a fraudulent purchase of property"; or Subd. 4, "In all other cases where receivers have heretofore been appointed by the usages of the court of equity." It is a settled equitable principle that receivers will be appointed to prevent fraud or to protect the rights of persons in property which has been obtained fraudulently, and which is in danger of being lost or of suffering material injury. Kiel v. Miller, Tex. Civ.App., 234 S.W. 550; Wrather v. State, Tex.Civ.App., 65 S.W.2d 383; 45 Am.Jur., Receivers, Sec. 35; 53 C.J., p. 37, Sec. 22. Plaintiff has here recited a situation under which, by fraudulent pretext, the described property and its value have been lost to him, and to which defendant has neither right, title nor interest. This proceeding is but ancillary to a trial on the main controversy where defensive claims and issues may well appear; but from the present record, plaintiff's right to the property is definite, the fact allegations justifying repossession by lawful means wherever found.

 As stated by plaintiff, the general rule is that "* * * a receiver should not be appointed without notice to the parties adversely interested unless it should be made to appear that the plaintiff in the suit would suffer some material injury by the delay necessary to give notice." Underwood v. Clark, Tex.Civ.App., 103 S.W.

2d 199, 200. However, it is fairly inferable from the facts portrayed that delay incident to the usual notice might well jeopardize or hinder his right of repossession; restraint by injunction being obviously inadequate. Again, under the circumstances of this record, which may or may not be the full picture on final trial, plaintiff was not required to resort to the legal remedies of attachment or sequestration in lieu of the instant procedure. His sworn allegations of fraud and misrepresentation, we conclude, constitute a sufficient basis for the immediate relief sought. The record not disclosing an abuse of discretion, the appointment in question must be sustained.

Affirmed.