RAMSEY et al. v. OLIVER.

No. 14447.

Court of Civil Appeals of Texas.
Dallas.

Jan. 18, 1952.

Rehearing Denied Feb. 15, 1952.

Ney Wade, Dallas, for appellants.

T. L. Hamilton, Dallas, for appellee.

YOUNG, Justice.

The appeal is from an order overruling petition and motion to vacate an earlier order of court appointing a receiver to sell described realty.

Appellant Ethel Oliver Ramsey, formerly Ethel Oliver, and appellee Zib A. Oliver had been husband and wife, and in their judgment of divorce, August 1943, was the following additional decree: "It is further ordered, adjudged and decreed by the Court, that the property described herein located at 509 Eads Street, Dallas, Texas be and the same is hereby set aside for plaintiff's use and benefit until the said Martin Oliver reaches the age of 18 years after which time plaintiff shall be entitled to an undivided 50% interest in and to said property (provided she has paid all sums now due and that will become due on same, including taxes), and defendant shall be entitled to an undivided 41% interest in and to said property. The plaintiff, Ethel Oliver, is hereby ordered and directed to make all payments and to pay all taxes becoming due upon same until the said Martin Oliver reaches the age of 18 years."

It was alleged in Oliver's application for receivership that the named minor son had reached the age of 18 years on March 24, 1951; that since said date he had endeavored to agree with appellant either for a purchase of interest by the other or partition of the property which was refused; praying here that terms of the prior judgment be carried out with sale by receiver and division of proceeds according to their respective interests. Upon hearing, Joe Lindsey was appointed "receiver and ordered to sell the real estate for the best price obtainable, for cash consideration and report its sale into this court within 30 days." Bond for receiver was fixed at $1,000 but the transcript does not indicate

a qualification by appointee either in oath or bond.

The instant proceeding was filed as a continuation of the prior divorce suit in style and number of cause, and to avoid confusion parties will be designated as far as possible by name.

Ethel Oliver later married one Ramsey from whom she is now separated. The record contains no statement of facts, pleadings of respective parties being considered in lieu thereof. Sworn answer of Ethel Ramsey presents defenses to the action for receiver which in turn constitute her points of appeal. She asserts (a) no necessity for receivership because of numerous fact questions that should be first considered by the court; (b) if sold for cash with lawsuit pending, the property would not bring an adequate price; (c) application for receivership is insufficient in various respects; (d) the husband, Jerry Ramsey, is not joined in this attempted sale of the wife's interest in her separate property; (e) no proper notice given preliminary to the appointment of receiver; and (f) no allegations in application to effect that the property in question is in danger of being lost, removed, or materially injured, Art. 2293, sec. 1, Vernon's Ann.Civ.St.

Considering the foregoing points inversely and generally: (1) The action, though in nature of a partition, is premised on Art. 4638, V.A.S. (division of property on divorce), with result that Art. 2293 (Receivers), also rules and statutes (Rules 756 and Arts. 6082, et seq.) relative to partition, are not controlling. The case of Kirkwood v. Dorman, 80 Tex. 645, 16 S.W. 428, is also in point on this entire controversy. (2) Appellants' motion to vacate the receivership constitutes a waiver of alleged irregularities relating, for instance, to lack of proper notice prior to the order of appointment. Batchelor v. Pacific Finance Corp., Tex.Civ.App., 202 S.W.2d 857. (3) All other defenses[1] may be appropriately heard by the court on the receiver's report of sale and motion to confirm the same; and concerning the plea of nonjoinder, appellant herself has made the husband, Jerry Ramsey, a party hereto in supersedeas bond and motion to fix amount thereof. We would suggest that further proceedings herein show the inclusion of Ramsey as a party pro forma, or at least a compliance with Art. 1983, V.A.S., in such regard. Aforesaid interlocutory order is in all things affirmed.

1. Inclusive of allegations that Zib Oliver should be required to reimburse plaintiff for expenses incurred toward support and education of said minor son. It would appear that the mother could properly assert such claim (made definite in amount and time of expenditure) on final report of receiver and in connection with order disbursing proceeds of sale. "The divorced wife, as in the case of another person who supplies the children with necessaries, may maintain an action against the father for reimbursement on account of expenditures made to furnish the children with necessaries. Such an action, it has been declared, is not treated as a continuation of the divorce suit, but as an ordinary action of debt, to be governed by the rules of evidence applicable in such cases." 15 Tex.Jur., p. 696, sec. 181.