**Celina F. TREVINO et vir, Appellants,**

v.

**Leslie H. GRAVES, d/b/a Patrick & Graves et al., Appellees.**

**No. 15092.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 7, 1967.

Ragan & Russell, Morris, Termini, Harris, McCanne & Lacas, Houston, for appellants, John L. Russell, John G. Minniece, Houston, of counsel.

Seymour Lieberman, Houston, for appellees.

BELL, Chief Justice.

Appellants, on February 17, 1964, received a judgment in the 125th District Court against Leslie H. Graves, d/b/a Patrick & Graves, for $45,400.00 together with interest thereon at the rate of 6% per annum from the date of judgment. On appeal this Court affirmed the judgment.

On May 19, 1965, appellants filed their "Original Petition for Discovery of Assets". On June 3, 1966, appellants filed what they denominate "Plaintiffs' First Amended Original Petition for Discovery and Recovery of Assets" against Leslie H. Graves, d/b/a Patrick & Graves and also d/b/a L. H. Graves, Custom Broker. Numerous other parties were also made parties on the theory that they had and were conspiring with Leslie H. Graves to secrete assets belonging to Graves. Too, it was asserted

that some of them held property in their names that was transferred to them by Graves with intent to hinder, delay and defraud appellants in the collection of their judgment. Too, it was alleged that some property while held in the name of other defendants actually belonged to Graves. Further it was alleged that execution was issued under the judgment but was returned "nulla bona". Allegation was made that an abstract of the judgment had been filed in June, 1964 in Harris and Cameron Counties.

Appelalnts alleged that they believed that the property consisted of cash, stocks, real estate and other assets and the appellees should be ordered to answer and disclose what they knew of all such property.

Appellants alleged the appointment of a receiver was an appropriate remedy to take possession of all of Graves' property and that the powers of the courts of equity be exercised to protect Graves' property, and to subject it to the rights of appellants. Also appellants alleged all parties should be enjoined from collecting moneys, receiving moneys, transferring real estate or any assets belonging to Graves.

This is the specific prayer made by appellants:

"Whereupon, plaintiffs pray that this petition be set down for hearing at some early date in the discretion of the Court and that citation be issued to the defendants directing and commanding them to appear and answer herein at such hearing, and that upon such hearing defendants be ordered and required by the Court to appear in open court at the conclusion of said hearing and answer orally under oath such questions as may be propounded to them by plaintiffs, or their attorneys; and furthermore, that subpoenas be issued to the defendants directing and commanding them to appear in court, and to bring with them at the time of said hearing such records, books of account, and other memorandum as to enable them to answer any and all questions concerning amounts owing Leslie H. Graves, and concerning the assets of Leslie H. Graves, either held in his name or in the name of any of the other defendants, or other third persons, and such funds owing to Leslie H. Graves by other persons and firms, and that a receiver be appointed by the Court to take charge of any and all assets subject to execution or garnishment, and that all the defendants be enjoined from disposing of, transferring, hiding, or withholding such assets from the receiver and your plaintiffs, and that defendants be required and ordered to disclose all such assets, and ordering that such assets shall be disclosed by such answers of the defendant, and that said receiver be authorized to collect any and all amounts owing defendant by other persons and firms, and any and all assets of the defendant, Leslie H. Graves, to the extent of the amount owing plaintiffs on the aforementioned judgment, and that notice be given all persons and firms owing defendant, Leslie H. Graves, or having assets in their possession, or title to such assets, either personal property or real property of the defendant, to the effect that amounts now payable, and assets now due the defendant, shall be payable to the receiver appointed herein, and that any and all such assets be applied to the satisfaction of plaintiffs' judgment, including all cash, stocks, real property, jewelry, personal property, real estate, and other things of value, and plaintiffs pray for the issuance from time to time of any and all further orders in the premises as to the Court may seem appropriate, and for costs of suit in this behalf expended."

Pursuant to the prayer, citations were issued and thereafter commencing December 13, 1966, five of the defendants, to wit: Leslie H. Graves, Ernest Garrett, Gary Graces, Gene Greathouse and Jacob Manuel Fuentes, were called by the appellants' counsel and examined extensively concerning their knowledge of real estate, corporate

stocks, cash, accounts receivable and other property belonging to Graves.

The parties then rested, the appellants not requesting the call of any other parties defendant, counsel for defendants called none of them.

The answers of the parties disclosed various accounts receivable allegedly owed as of December 15, 1966, to Patrick & Graves, Houston, Texas, and L. H. Graves, Custom House Broker, Brownsville, Texas. The names and addresses of these debtors, as well as the amount owed by each were shown. The evidence showed that accounts receivable would of course probably change from day to day.

The answers also disclose that Graves at one time owned all of the stock (248 shares) in the Dixie Forwarding Co., Inc., but allegedly this was now owned by some of the other defendants, that is, Gary Graves and Fuentes.

The answers also disclose an alleged transfer by Graves to his son-in-law and daughter of a house and lot in Houston and of a house and lot in Brownsville to Graves' wife.

Appellants made a motion for judgment, after discovery of assets had thus allegedly been made, which was overruled by the Court. The motion asked that a judgment be entered requiring Graves and the defendants to, immediately following its entry, make disclosure to the Court and to appellants. It also asked that Graves be ordered to periodically make available to appellants all records of assets, real estate, and accounts receivable. The motion further sought a cancellation of the transfer of the shares of stock and the houses and lots standing in the names of his wife or son-in-law.

Also an injunction against the transfer of any property was sought.

The trial court rendered judgment that appellants were entitled to discovery and that discovery by examination fully and completely having been made under oath, the defendants were dismissed, and all other relief prayed for was denied. Costs were assessed against appellants.

Appellants assign 29 points of error, but what we say will effectively dispose of all of them though we do not notice them specifically.

This is really nothing more than a proceeding under Rule 737, Texas Rules of Civil Procedure, after a money judgment in appellants' favor, to discover assets belonging to Leslie H. Graves, the defendant in such judgment, so that through available writs appellants may reach such assets in satisfaction of the judgment. Such a proceeding is available under the rule. White v. National Paving Co., 101 S.W.2d 588 (Tex.Civ.App.), n. w. h.; National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024. When the cited cases were written Article 2002 authorized proceeding by written interrogatories. Rule 737 expressly authorizes the defendant to be summoned before the court for oral examination as in ordinary trials. The object of such a proceeding is discovery. We do not mean to hold, as such is unnecessary in the light of the record, that additional relief would under no circumstances be available if properly sought.

Here discovery as contemplated by the rule, the pleading and the prayer, was ordered and obtained.

Appellants prayed for a receiver and asked that all property discovered belonging to defendant be delivered to the receiver and all accounts be paid to the receiver and all such assets be applied by the receiver to appellants' judgment.

■ Appellants were not entitled to a receiver because they nowhere pleaded they had any specific lien on any of the property. Carter v. Hightower, 79 Tex. 135, 15 S.W. 223; Pelton v. First National Bank of Angleton, 400 S.W.2d 398 (Tex.Civ.App.), n. w. h.

Neither were appellants entitled to a judgment cancelling and setting aside the conveyances of Graves of the real estate to his wife and son-in-law. There was no specific prayer that any conveyances or transfers of property be set aside, nor was there a general prayer for relief. See Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens, 372 S.W.2d 572 (Tex.Civ.App.), n. w. h.

The shares of stock in the Dixie Forwarding Co., Inc., are the subject of garnishment pending in another court and for this additional reason there was no error in refusing to set aside the transfers. Too, in the other suit the parties were enjoined from transferring the stock.

The court did not err in refusing to make available at 30-day intervals to the court and appellants records of assets, real estate and accounts receivable acquired in the future. There was no pleading or prayer for such. It was merely sought in appellants' motion for judgment.

Affirmed.