BEST INVESTMENT COMPANY et al., Appellants,

v.

Donald H. WHIRLEY et ux., Appellees.

No. 18818.

Court of Civil Appeals of Texas, Dallas.

March 24, 1976.

Rehearing Denied May 6, 1976.

W. Bruce Monning, Wynne & Wynne, Wills Point, for appellants.

Lawrence Fischman, Chris Weil, Weil, Craig & Fischman, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This is an interlocutory appeal by Best Investment Company and B. J. Wynne from an ex parte order appointing a receiver. Donald H. Whirley and wife filed their verified petition in which they alleged that on July 25, 1975, they had recovered a judgment against Joe A. Irwin in the sum of $34,960 which said judgment had become final and had not been superseded. They sought (1) an ex parte appointment of a receiver to take possession of Joe A. Irwin's property so that it would be available to pay the judgment and (2) a temporary restraining order enjoining transfer of Irwin's property. On Friday, October 3, 1975, the judge of the 160th District Court of Dallas County, Texas, without notice to Best Investment Company or B. J. Wynne, appointed a receiver. Best and Wynne appeal only from that part of the judgment appointing a receiver ex parte. We reverse because (1) the record fails to show great emergency and imperious necessity for immediate appointment of a receiver; (2) no specific lien on the property is shown to exist; and (3) inadequacy of other remedy has not been shown.

Since the receiver was appointed ex parte and without notice of any kind to Best and Wynne, neither of whom were parties to the original suit, we must look to the allegations of fact contained in the Whirley petition to determine the propriety of the order granted in such a peremptory fashion. In such petition, verified by Whirley's attorney, after alleging the finality of the judgment against Irwin, it was alleged that such judgment constitutes a lien upon the real property of Irwin in Dallas County in that an abstract thereof was duly recorded in the abstract of judgment records in said county on October 1, 1975. It was further stated that Irwin purports to be the owner of substantial property, real and personal, consisting of real estate, notes secured by real estate, contract rights and choses in action arising out of sales or transfer of real estate, and capital stock evidencing his ownership in Best Investment Company. It is stated that legal title to much of the real estate owned by Irwin is in the name of Best Investment Company who holds such legal title for the benefit of Irwin. It is further stated that Best Investment Company is also the payee and obligee of some of the above described notes, contract rights and choses in action. On or about September 18, 1975, pursuant to Tex.R.Civ.P. 621a the Whirleys commenced the oral deposition of Irwin ancillary to and in aid of the judgment theretofore obtained against Irwin, for the purpose of discovering assets of Irwin subject to execution and satisfaction of the judgment. Although subpoenaed and served with a subpoena duces tecum to produce books of accounts and records, deeds, muniments of title and other evidence or indicia of ownership of property, real or personal, Irwin failed and refused to comply with such subpoena duces tecum on the date set but did agree to return on October 1, 1975, to produce the documents demanded. On such date, Irwin appeared but did not produce all of the documents and books of accounts and records required by the subpoena duces tecum. On that occasion defendant Irwin stated that he had transferred or was in the process of transferring all of his property, or interest in property to defendant Wynne for the benefit of Wynne and the wife of defendant Irwin, and purported in consideration of legal and other services to be rendered by defendant Wynne. It was then alleged that any transaction between Irwin and Best, as transferors, and Wynne as transferee, "made or contemplated are not in the regular course of business, are done secretly, constitute a transfer of the entire assets of Irwin, for inadequate consideration, and

in contemplation of the pending litigation between plaintiffs and defendant Irwin and the consequences of the judgment rendered therein and are and were with the intent on the part of defendant Irwin to hinder, delay or defeat plaintiffs in the satisfaction of their judgment against defendant Irwin" so that such transactions are fraudulent and void as to plaintiff. Plaintiffs ask that a receiver "be appointed to take physical custody of the capital stock of Irwin in Best Investment Company, as well as all notes, contract rights, choses in action owned by Irwin, legally or beneficially, whether standing in his name or in the name of Best Investment Company, and receive from each obligor thereon all sums that may become due, and take such other action as the court may prescribe for the preservation of such property for the benefit of the parties as their interest may appear."

As the part of their petition for injunctive relief, the Whirleys alleged that the property sought is intangible and evidenced only by notes, contracts and similar documents and, as such, such property may be easily concealed, transferred or placed beyond the jurisdiction of the court. Therefore, they requested an injunction, ex parte, to enjoin Best and Wynne to deliver possession of the personal property and refrain from making any transfer of such property.

Relying solely on these allegations, the trial court immediately and without notice appointed a receiver and authorized and directed such receiver to make demand upon Irwin, Best and Wynne to produce and deliver to him "all notes, contracts, contract rights, or accounts and choses in action and other muniment of title or indicia of ownership thereof with respect to which the defendant Joe A. Irwin and/or the defendant Best Investment Company is or was the obligee . . . ." It was further ordered that Irwin, Best and Wynne be ordered and directed to immediately deliver into the possession and custody of the receiver named all "notes, contracts, contract rights, choses in action and any muniment of title or other indicia of ownership thereof with respect to which the defendant Joe A.

Irwin and/or Best Investment Company were or are the obligees . . . ." Irwin, Best and Wynne were restrained and enjoined from transferring, secreting and encumbering or placing beyond the jurisdiction of the court any property, real, mixed or personal, now or previously standing in the name of Irwin and/or Best Investment Company.

The statutory authority for the appointment of a receiver in Texas is found in Tex.Rev.Civ.Stat.Ann. art. 2293 (Vernon 1971) which provides:

Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

(1) In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

Appellants have mounted a constitutional attack upon our statute contending that the appointment of a receiver without notice violates the due process laws of the Fourteenth Amendment to the Constitution of the United States. In view of our holding, subsequently announced, that the trial court was in error in granting the application for appointment of receiver ex parte we do not reach the constitutional question.

■ It has been judicially determined that the right to appointment of a receiver ex parte and without notice rests within the trial court's discretion. Such discretion, however, is subject to judicial review. *Corsicana Hotel Co. v. Kell,* 66 S.W.2d 760 (Tex.Civ.App.—Dallas 1933, no writ); *Ellis v. Filgo,* 185 S.W.2d 739 (Tex.Civ.App.—Dallas 1945, no writ); and *Shell Oil Co. v. Turnbow,* 142 S.W.2d 559 (Tex.Civ.App.—Texarkana 1940, no writ).

■ In recognition of the fact that appointment of a receiver without notice is one of the most drastic actions known to law or equity and should be exercised with extreme caution and only where great emergency or imperative necessity requires it, our courts have uniformly been reluctant to grant such harsh relief. *Morris v. North Fort Worth State Bank,* 300 S.W.2d 314 (Tex.Civ.App.—Fort Worth 1957, no writ). It has been held that appointment of receivers on ex parte application is to be made only in exceptional and extreme cases, *Solomon v. Mathews,* 238 S.W. 307 (Tex.Civ. App.—Amarillo 1922, no writ); and that appointment of receiver without notice to adverse party is one of the most drastic remedies known to the court and should be exercised only in extreme cases where right thereto is clearly shown and only then in exercise of great caution by the courts when the status of the property cannot be maintained and rights of applicants protected pending a hearing by a restraining order or temporary injunction or any less drastic remedy. *Head v. Roberts,* 291 S.W.2d 483 (Tex.Civ.App.—Fort Worth 1956, no writ); *Marion v. Marion,* 205 S.W.2d 426 (Tex.Civ. App.—San Antonio 1947, no writ); *Wilkenfeld v. State,* 189 S.W.2d 80 (Tex.Civ.App.— Galveston 1945, no writ); *Keep 'Em Eating Co. v. Hulings,* 165 S.W.2d 211 (Tex.Civ. App.—Austin 1942, no writ); *Great Eastern Oil Co. v. Lewis,* 49 S.W.2d 527 (Tex.Civ. App.—Dallas 1932, no writ); *Hunt v. State,* 48 S.W.2d 466 (Tex.Civ.App.—Austin 1932, no writ). A receiver may be appointed without notice or opportunity for adverse party to be heard only in extreme cases wherein there is great emergency and imperious necessity for immediate appointment, *Johnson v. Williams,* 109 S.W.2d 213 (Tex.Civ.App.—Dallas 1937, no writ); *Ames v. Ames,* 64 S.W.2d 1067 (Tex.Civ.App.— Eastland 1933, no writ); *Bankers' Life & Loan Ass'n v. Cremona,* 66 S.W.2d 762 (Tex. Civ.App.—Dallas 1933, no writ).

The policy underlying the requirement of urgent necessity is succinctly illustrated by the author's comments in Chagra and Wolfram, *Liens and Equity Rules in a Creditor's Application for a Receiver in Texas,* 40 Tex. L.Rev. 649, 661 (1962):

> Where the appointment has been made ex parte (i. e., on the trial judge's consideration of the creditor's petition alone, and without affording the debtor notice of an opportunity to be heard), the trial court must accept the verified pleadings as true. Room for abuse obviously exists here and the courts have consequently required that the creditor show an 'urgent necessity' justifying the summary appointment.

■ The petition here not only asks for the appointment of a receiver ex parte but also asks for the granting of a temporary restraining order which would protect the applicants from any alleged or potential disposition of the property in question. This injunctive relief was granted and is still effective. No appeal has been taken from that phase of the order. There is no allegation that the property is about to be removed beyond the jurisdiction of this court. Absent allegations of urgent and imperious necessity and allegations to negate an adequate remedy, we hold that it was error to appoint the receiver ex parte.

■ Appellants contend that the trial court erred in appointing a receiver since the petition demonstrated that the Whirleys were not lien creditors as required by Tex. Rev.Civ.Stat.Ann. art. 2293(1) (Vernon 1971). The petition alleges that the Whirleys obtained a judgment against Irwin which has not been satisfied nor has it been superseded. It asks that a receiver take custody of only the "capital stock, notes, contract rights, choses in action owned by defendant Irwin." The petition does not allege that the Whirleys have a lien on this property sought to be seized. The only mention made of any security interest relates to an abstract of judgment lien against Irwin's real property located in Dallas County. There are no allegations in the petition to the effect that the real property owned by Irwin, and upon which an abstract of lien has been placed, would not be sufficient to satisfy the judgment obtained against Irwin.

The statute authorizing the appointment of a receiver was originally enacted in 1887. In 1890, the supreme court in *Carter v. Hightower*, 79 Tex. 135, 15 S.W. 223, 224, in an opinion by Mr. Justice Gaines, held that the act must be construed as applying only to the funds and property upon which the creditor has a lien for the satisfaction of his debt. The court said: "The words, 'by a creditor to subject any property or funds to his claim,' are to be limited to some particular fund or property belonging to a debtor upon which the creditor has a specific lien."

The rule announced by the supreme court in *Carter v. Hightower*, has been universally recognized by both courts and commentators faced with the propriety of appointing a receiver upon application of a general creditor or one without a specific lien on the property sought to be seized. *Parr v. First State Bank*, 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ); *Trevino v. Graves*, 418 S.W.2d 529 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ); *Pelton v. First National Bank*, 400 S.W.2d 398 (Tex. Civ.App.—Houston 1966, no writ); *Greenland v. Pryor*, 360 S.W.2d 423 (Tex.Civ.App.—San Antonio 1962, no writ); *Waples-Platter Co. v. Mitchell*, 12 Tex.Civ.App. 90, 35 S.W. 200 (1895, writ ref'd); *Murphy v. Argonaut Oil Co.*, 23 S.W.2d 339 (Tex.Comm'n App.1930, jdgmt. adopted); Comment, 40 Texas L.Rev. 649 (1962). In *Waples-Platter Co. v. Mitchell*, in which writ of error was refused by the supreme court, this court held that an asserted lien interest of a creditor in property fraudulently transferred did not rise to the dignity of a lien for the purpose of the receivership statute. In the opinion, Justice Rainey wrote:

> If the disposition of the property was fraudulent, such would not authorize the appointment of a receiver. It would give the creditors only such remedies as exist in other cases. They could proceed by judgment and execution, or by attachment or garnishment, and subject the property to the payment of the debt through one of those modes. . . . It is a well-known principle that equity will not afford relief if the legal remedy is adequate and complete; and it seems to be well settled that, as a general rule, the aid of a receiver will be denied for the protection of contract or general creditors before judgment. High, Rec. §§ 403a, 404, 407. And, even after judgment is obtained, equity will not always interfere to afford relief.

In *Pelton v. First National Bank*, the creditor applying for receivership had obtained a money judgment against the creditor and also had a lien upon certain farm machinery. The judgment ordered the lien foreclosed but the creditor alleged that sale of the property covered by the lien would be insufficient to discharge the judgment and, therefore, asked for a receiver to be appointed to take an acreage allotment owned by the debtor. The court of civil appeals reversed the appointment of receiver to take the property not covered by a lien and in doing so reasserted the rule announced by the supreme court in *Carter v. Hightower*. In *Greenland v. Pryor, supra*, the facts reveal that Pryor was a secured creditor only with respect to a deed of trust lien on land owned by the debtor. Justice Pope, writing for the San Antonio Court of Civil Appeals, pointed out that the deed of trust lien did not extend to or include the crops on the property and, applying the rule of *Carter v. Hightower*, held that: "A creditor, to be entitled to a receivership, is one who has a specific lien upon some specific fund or property belonging to debtor. In other words he must be a secured creditor." The court held that the appointment of a receiver on property not secured by a lien was erroneous.

In *Murphy v. Argonaut Oil Co., supra*, while upholding a receivership involving real and personal property as requested by a judgment creditor, the court specifically noted that prior to the receivership the judgment had been filed and recorded in the county where the real property was located, a writ of garnishment had been served on the bank where the personal property was located thereby creating a lien.

We observe no reason why the rule of *Carter v. Hightower* should not be applica-

ble to the facts and circumstances here presented. The Whirleys admittedly have affixed a judgment lien upon certain real property owned by Irwin in Dallas County. Nowhere do they allege that the sale of this property in satisfaction of their lien would not satisfy the judgment obtained against Irwin. Nor is it alleged anywhere in the petition that they have a lien of any kind or character against the personal property sought to be seized and placed in the hands of a receiver. In this state of the record we hold that the appointment of a receiver was improper and such order must be vacated.

 During oral argument before this court counsel for appellees contended that the proper relief which should have been sought by appellants in this case would have been a motion to vacate the appointment of a receiver. There is no merit to this contention. Our courts have uniformly held that a motion to vacate, filed under such circumstances, constitutes a waiver of irregularities in the original appointment. *Ramsey v. Oliver*, 246 S.W.2d 332 (Tex.Civ. App.—Dallas 1952, no writ); *Batchelor v. Pacific Finance Corp.*, 202 S.W.2d 857 (Tex. Civ.App.—Dallas 1947, no writ); *Lacey v. Dayton Rubber Manufacturing Co.*, 270 S.W. 916, 917 (Tex.Civ.App.—San Antonio 1925, writ dism'd).

In summary, we hold that the facts and circumstances presented do not justify the granting of the harsh and stringent remedy of the appointment of a receiver without notice. This is not the case where property is about to be destroyed or transported out of the state beyond the jurisdiction of the courts of Texas and, therefore, calling for immediate action. The courts of our state as well as the courts of the United States are becoming increasingly aware of the necessity for granting due process to every person regardless of age, color, or religious preference. It is only in extreme and urgent cases of emergency that due process should be denied and a receiver appointed ex parte to seize and take possession of property of others, especially those who were not parties to the original litigation. No such extreme emergency is shown to

exist in the application presented to the district court. No reason is shown why the application could not have been set down for prompt hearing within a few days and the appellants given a reasonable opportunity to appear to show cause why the receivership should not be granted. For these reasons, and the reasons set forth above, we hold that the trial court erred in appointing the receiver without notice. Such order of appointment is vacated.

Reversed and receivership dissolved.

AKIN, J., concurs in result only.