IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00143-CV

 

Phillip M. Krumnow, Jr. , Individually,

Phillip M. Krumnow, Jr. as Independent

Executor of the Estate of 

Phillip M. Krumnow, Sr., Deceased 

and as Trustee of the Krumnow Family

Trust and Trustee of the Phil Krumnow, Inc.

Employees Pension Trust,

                                                                      Appellants

 v.

 

Pam Krumnow, Bettie Mendenhall, 

Individually and as Trustee of the

Krumnow Family Trust and 

Norma Cora Withem, Individually 

And as Trustee for the Krumnow 

family Trust, Lott State Bank, 

Stephen Boykin, Court Appointed 

Successive Administrator, Dona Harris,

                                                                      Appellees

 

 



From the 82nd District Court

Falls County, Texas

Trial Court # 34,538

 



O p i n i o n



 

This is an appeal from an order of
the district court regarding the Estate of Phillip Morris Krumnow, Sr.
(“Phillip”) and the Krumnow Family Trust (“Trust”).  Appellant, Phillip M.
Krumnow, Jr. (“Krumnow”), appeals in four issues: the district court abused its
discretion by (1) appointing a receiver, (2) vacating a deed of trust lien and
security interest, and (3) removing Krumnow as independent executor; and (4) the
district court erred in denying Krumnow’s plea to the jurisdiction.

BACKGROUND

Phillip died testate in 2002 leaving
a Last Will and Testament (“Will”) executed in 1993 and the inter-vivos Trust that
had been established in 1993.  Krumnow, the named independent executor in the
will and the trustee of the existing Trust, commenced a probate action in the
county court of Falls County, Texas.  The county court signed an Order admitting
the Will to probate and granted Krumnow letters testamentary.  The Will
provided that upon Phillip’s death, all of his property would immediately pass
to the Trust except for personal items bequeathed to Phillip’s surviving
spouse, Pamela Beth Colley Krumnow (“Pamela”).

After the Will was admitted to
probate, Pamela and Phillip’s two daughters, Bettie Lanelle Mendenhall (“Bettie”)
and Norma Cora Withem (“Norma”), filed an application to remove Krumnow as
independent executor and trustee and for appointment of a successor independent
executor and successor trustee.  Thereafter, the county court issued a transfer
order to the district court under Probate Code section 5(b).  Tex. Prob. Code Ann. § 5(b) (West
Pamphlet 2002).

On February 12, 2003, after the case
was docketed in the district court, Krumnow filed an original counter-claim
(petition) in the district court asking the court to interpret and construe the
Trust.  His petition alleges that the district court has jurisdiction over the
probate estate and the Trust.  He claims that Pamela, Bettie, and Norma are not
cooperating with him as executor and trustee in creating an accounting of
property belonging to the respective probate and trust estates.  He requests (a)
damages, (b) return and an accounting of all property belonging to the probate
and trust estates, (c) an order that Pamela vacate the residence that she
claims as a homestead, (d) attorney’s fees, (e) interest, and (f) costs.








On March 17, 2003, the district
court denied the application to remove Krumnow as independent executor and
trustee and confirmed his appointment as independent executor and trustee.  On
March 27, Pamela filed a motion to return property, for injunctive relief, and
for sanctions against Krumnow.  In this motion, Pamela specifically sought
removal of Krumnow as executor and appointment of a successor executor.  On
April 17, the district court sent a letter appointing Stephen Boykin as
successor independent executor.  On April 25, Norma and Bettie filed an
original petition for partition.  On May 14, the court signed the Order
removing Krumnow as independent executor and appointing Stephen Boykin as
successor executor.

On June 12, Krumnow filed a motion
to set aside and vacate the order signed May 14, 2003.  On April 30, 2004, the
court sent notice to the attorneys for all interested parties of a hearing
scheduled for May 25 for all “matters affecting the Krumnow estate and trust”
including “appoint a receiver and order the property sold.”  On May 20, Krumnow
filed a plea to the jurisdiction.  The district court held a hearing on these and
other motions on May 25.  A trial amendment regarding appointment of a receiver
was filed at the hearing, and Krumnow objected.  On June 2, the district court
signed an order (1) appointing Dona Harris as receiver and ordering him to sell
all of the named real estate; (2) vacating the deed of trust lien and security
interest Krumnow had entered into as trustee; (3) denying Krumnow’s motion to
set aside the May 14, 2003, order and confirming Stephen Boykin as successor
executor; and (4) denying Krumnow’s plea to the jurisdiction.  Krumnow now
appeals from this Order.  Appellees include Pamela, Bettie, Norma, Lott State
Bank (a creditor), Boykin, and Harris.




JURISDICTION

We must inquire into our own
jurisdiction, even if it is necessary to do so sua sponte.  Normand
v. Fox, 940 S.W.2d 401, 402 (Tex. App.—Waco 1997, no writ).  The
jurisdiction of the district court, which affects our jurisdiction, has been
disputed since the county court transferred the contested matter to the
district court.  We will address the district court’s jurisdiction over the
probate estate and over the trust estate and then review our jurisdiction of the
interlocutory appeals.

Jurisdiction of the
District Court

The district court had two separate
proceedings pending in a single cause number:  the probate matter and the trust
matter.

Probate Estate

The constitutional county court’s
authority to transfer a case to a district court includes only the transfer of
a “contested matter.”  Tex. Prob. Code
Ann.  § 5(b) (West Pamphlet 2002).[1] 
The petition filed in the county court sought removal of Krumnow as both
executor of the estate and trustee of the Trust.  However, the county court had
no jurisdiction over any aspect of the Trust.  Tex. Prop. Code Ann. § 115.001(a) (Vernon Supp. 2004-05)
(district court has exclusive jurisdiction over trust proceedings).  Thus, the
“contested matter” before the county court, eligible for transfer, was whether
to remove Krumnow as the independent executor.  Tex. Prob. Code Ann. §§ 5(b), 222 (West Pamphlet 2002). 
Although the petition also sought appointment of a successor representative for
the estate, that issue could not come before the county court or become a
contested matter until a remand of the district court’s determination of the
petition to remove the existing executor.  Id. § 220 (West Pamphlet 2002). 
Thus, we find that with respect to the probate proceeding, the district court
had authority to hear and determine only whether Krumnow should be removed as
independent executor.

Trust Estate

Krumnow believes that the district
court did not have jurisdiction over any matters regarding the Trust because it
is an inter vivos trust.  He argues that the Trust is not subject to the
probate jurisdiction of the district court, which is limited to contested
matters regarding the probate administration.  However, we find that the
petition Krumnow filed on February 12, 2003, invoked the jurisdiction of the
district court over all Trust matters after February 12.  See Tex. Prop. Code Ann. § 115.001(a).[2] 
Thus, we may have jurisdiction to review issues one and two depending on a review
of our jurisdiction with respect to interlocutory appeals.

Jurisdiction of this
Court

Generally, we have appellate jurisdiction
over an interlocutory appeal only when expressly provided by statute.  Stary
v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam); Chase
Manhattan Bank v. Bowles, 52 S.W.3d 871, 878 (Tex. App.—Waco 2001, no
pet.).  Jurisdiction to review an interlocutory order is either specified in a
particular statute or under the general interlocutory appeal provision in the
Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2004-05).




Issue one: Receiver

An interlocutory appeal is permitted
from an order appointing a receiver.  Id. § 51.014(a)(1).  Thus, we have
jurisdiction to review the June 2, 2004, order with respect to the appointment
of the receiver (issue one).

Issue two: Deed of trust lien and security interest

Krumnow, as the trustee, executed a
deed of trust lien on trust property to secure payment of legal fees.  Krumnow
has not asserted the applicability of any statutory provision permitting an
interlocutory appeal under these facts.  We find that the vacating of this
trustee action by the district court does not fall within the parameters for
interlocutory review under Section 51.014 of the Civil Practice and Remedies
Code.  Id. § 51.014(a).  Thus, we do not have jurisdiction to review the
June 2, 2004, order with respect to the vacating of the deed of trust lien.  We
dismiss issue two.

Issue four: Plea to the Jurisdiction

An interlocutory appeal from an
order denying a plea to the jurisdiction is available by statute only to
governmental agencies.  Id. § 51.014(a)(8).  Thus, we have no
jurisdiction to review the June 2, 2004, order with respect to the denial of
Krumnow’s plea to the jurisdiction.  We dismiss issue four.

Issue three: Executor

Krumnow argues that the district
court, after signing the March 17, 2003, order denying the application to
remove him as executor and trustee and confirming him as executor and trustee,
should have transferred the case back to the county court for further
proceedings consistent with its ruling because the contested issue had been
resolved.  He argues that the district court did not have jurisdiction to sign
the May 14, 2003, order removing him as executor and appointing a successor
executor.  Krumnow asserts that the removal was improper because it failed to
state any grounds for removal and there was no personal citation to notify
Krumnow of a hearing on removal.

Appellees argue that Krumnow’s
appeal of the May 14, 2003, order is untimely.  They also argue that the June
2, 2004, order does not extend Krumnow’s timetable for appeal.

The district court’s order of March
17, 2003, denied the application to remove Krumnow as executor and confirmed
him as executor.  Ten days later, Pamela filed a motion to return property and
specifically requested injunctive relief to remove Krumnow as executor and
appointment of a successor executor.  Forty-eight days after this motion was
filed, the district court ordered the removal of Krumnow as executor and
appointed Stephen Boykin as successor executor.

A district court has plenary power
to vacate, modify, correct, or reform a judgment within thirty days after the
judgment is signed.  Tex. R. Civ. P.
329b(d).  A motion to modify, correct, or reform a judgment must be filed prior
to or within thirty days after the judgment is signed.  Id. 329b(a),
(g).  A district court has thirty days after a timely-filed motion to modify,
correct, or reform a judgment is overruled, either by a written and signed
order or by operation of law, to vacate, modify, correct, or reform a
judgment.  Id. 329b(e), (g).  A motion to modify, correct, or reform a
judgment is overruled by operation of law if it is not determined by written
order signed within seventy-five days after the judgment was signed.  Id. 329b(c).  The time to appeal runs from the date the modified, corrected, or
reformed judgment is signed.  Id. 329b(h).  A notice of appeal must be
filed within thirty days after a judgment is signed.  Tex. R. App. P. 26.1(a).  A notice of appeal must be filed
within ninety days after the judgment is signed if any party timely files a
motion for new trial, a motion to modify the judgment, a motion to reinstate,
or a request for findings of fact and conclusions of law.  Id.

We find that Pamela’s March 27,
2003, motion to return property was a timely-filed motion to modify, correct,
or reform a judgment because it requests removal of Krumnow as executor and
appointment of a successor executor that was denied by the district court’s
prior order of March 17, 2003, and it was filed within thirty days after the
order was signed.  See Tex. R.
Civ. P. 329b(a), (g).  Because the district court did not expressly overrule
this motion, the court’s plenary power was extended to June 30, 2003, to
vacate, modify, correct or reform the judgment.  See id. 329b(c), (e),
(g) (seventy-five days is May 31, 2003, and thirty days thereafter is June 30,
2003).  The district court modified its March 17, 2003, order on May 14, 2003,
which was fifty-eight days later.  Thus, the district court had plenary power
to modify its prior order and to remove Krumnow as independent executor.  However,
because any issues regarding a successor executor were not transferred from the
county court, the district court did not have authority to appoint a successor
executor.

On June 12, 2003, Krumnow filed a
motion to set aside and vacate the order signed May 14, 2003.  In the absence
of an order overruling it, this motion to modify the judgment would extend the
time to file a notice of appeal to August 12, 2003.  Tex. R. Civ. P. 329b(h); Tex.
R. App. P. 26.1(a) (90 days after the modified order of May 14, 2003,
was signed).  No notice of appeal was filed.  Thus, the May 14, 2003, order
became final on August 12, 2003, and we have no jurisdiction to entertain an
appeal from it.

The Probate Code states: “Upon
resolution of all pending contested matters, the contested portion of the
probate proceeding shall be transferred by the district court to the county
court for further proceedings not inconsistent with the orders of the district
court.”  Tex. Prob. Code Ann. § 5(b). 
Thus, once the contested matter of whether to remove Krumnow as executor was
resolved, the district court should have transferred this contested portion of
the probate proceeding back to the county court for further proceedings not
inconsistent with the district court’s removal of Krumnow as executor.  See
id.

We dismiss in part and sustain in
part issue three.  The removal of Krumnow as executor in the May 14, 2003,
order is final.  We vacate the appointment of the successor executor, Stephen
Boykin, in the May 14, 2003, order.  We will remand the probate portion of this
cause to the district court for transfer back to the county court.

          We now turn to the issue concerning
the district court’s appointment of the receiver.

ISSUE ONE: RECEIVER

We review the court’s order
appointing a receiver under an abuse of discretion standard.  See Balias v.
Balias, Inc., 748 S.W.2d 253, 256 (Tex. App.—Houston [14th Dist.] 1988,
writ denied); Carroll v. Carroll, 464 S.W.2d 440, 447 (Tex. Civ. App.—Amarillo
1971, writ dism'd); Strategic Minerals Corp. v. Dickson, 320 S.W.2d 882,
884 (Tex. Civ. App.—Austin 1959, writ ref'd n.r.e.).  A court may abuse its
discretion by ruling arbitrarily, unreasonably or without reference to any
guiding rules and principles, or without supporting evidence. Bocquet v.
Herring, 972 S.W.2d 19, 21 (Tex. 1998); Morrow v. H.E.B., Inc., 714
S.W.2d 297, 298 (Tex. 1986); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).  When conducting an abuse of discretion review,
we examine the entire record.  Mercedes-Benz Credit Corp. v. Rhyne, 925
S.W.2d 664, 666 (Tex. 1996); Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987).

A court may appoint a receiver in
any case in which a receiver may be appointed under the rules of equity.  Tex. Civ. Prac. & Rem. Code Ann. §
64.001(a)(6) (Vernon Supp. 2004-05).  A trial court may on its own motion
appoint a receiver without an application by any party when the facts
justify the appointment to preserve or protect the property in
litigation.  Cross v. Cross, 738 S.W.2d 86, 87 (Tex. App.—Corpus Christi
1987, writ dism’d w.o.j.); B&W Cattle Co. v. First Nat’l Bank of
Hereford, 692 S.W.2d 946, 951 (Tex. App.—Amarillo 1985, no writ).  A
receiver is appointed to receive and preserve the property for the benefit of
all parties interested in the property.  Sloan v. Sloan, 474 S.W.2d 272,
275 (Tex. Civ. App.—Waco 1971, no writ).

Receivership is an extraordinarily
harsh remedy and one that courts are particularly loathe to utilize.  Independent
Amer. Savings Assoc. v. Preston 117 Joint Venture, 753 S.W.2d 749, 750
(Tex. App.—Dallas 1988, no writ).  A trial court has the discretion to appoint
a receiver ex parte and without notice under certain circumstances.  There are
stringent guidelines under which this action may be taken:

In recognition of the fact that appointment of a
receiver without notice is one of the most drastic actions known to law or
equity and should be exercised with extreme caution and only where great
emergency or imperative necessity requires it, our courts have uniformly been
reluctant to grant such harsh relief. Morris v. North Fort Worth State Bank,
300 S.W.2d 314 (Tex. Civ. App.—Fort Worth 1957, no writ). It has been held that
appointment of receivers on ex parte application is to be made only in
exceptional and extreme cases, Solomon v. Mathews, 238 S.W. 307 (Tex.
Civ. App.—Amarillo 1922, no writ); and that appointment of receiver without
notice to adverse party is one of the most drastic remedies known to the court
and should be exercised only in extreme cases where right thereto is clearly
shown and only then in exercise of great caution by the courts when the
status of the property cannot be maintained and rights of applicants protected
pending a hearing by a restraining order or temporary injunction or any less
drastic remedy. Head v. Roberts, 291 S.W.2d 483 (Tex. Civ. App.—Fort
Worth 1956, no writ); Marion v. Marion, 205 S.W.2d 426 (Tex. Civ. App.—San
Antonio 1947, no writ); Wilkenfeld v. State, 189 S.W.2d 80 (Tex. Civ.
App.—Galveston 1945, no writ); Keep 'Em Eating Co. v. Hulings, 165
S.W.2d 211 (Tex. Civ. App.—Austin 1942, no writ); Great Eastern Oil Co. v.
Lewis, 49 S.W.2d 527 (Tex. Civ. App.—Dallas 1932, no writ); Hunt v.
State, 48 S.W.2d 466 (Tex. Civ. App.—Austin 1932, no writ). A receiver may
be appointed without notice or opportunity for adverse party to be heard only
in extreme cases wherein there is great emergency and imperious necessity
for immediate appointment. Johnson v. Williams, 109 S.W.2d 213
(Tex. Civ. App.—Dallas 1937, no writ); Ames v. Ames, 64 S.W.2d 1067
(Tex. Civ. App.—Eastland 1933, no writ); Bankers' Life & Loan Ass'n v.
Cremona, 66 S.W.2d 762 (Tex. Civ. App.—Dallas 1933, no writ).



Best Investment Co. v. Whirley, 536 S.W.2d 578, 581 (Tex. Civ. App.—Dallas
1976, no writ) (emphasis added).

Texas Rule of Civil Procedure 695
requires that “[e]xcept where otherwise provided by statute, no receiver shall
be appointed to take charge of property which is fixed and immovable.  When
an application for appointment of a receiver to take possession of property of
this type is filed, the judge or court shall set the same down for
hearing and notice of such hearing shall be given to the adverse party by
serving notice thereof not less than three days prior to such hearing.”  Tex. R. Civ. P. 695 (emphasis added). 
Real estate is “fixed and immovable property” within the meaning of Rule 695.  Continental
Homes Co. v. Hilltown Property Owners Assoc., Inc., 529 S.W.2d 293, 296
(Tex. Civ. App.—Fort Worth 1975, no writ).  Appointment of a receiver without
giving notice to adverse parties to be heard on the application
is reversible error.  Preston 117 Joint Venture, 753 S.W.2d at 750; North
Side Bank v. Wachendorfer, 585 S.W.2d 789, 792 (Tex. Civ. App.—Houston [1st
Dist.] 1979, no writ).

Krumnow argues that the trial court
abused its discretion when it appointed a receiver without an application for
receivership being on file and without the statutory three-day notice of a
hearing.  Appellees argue that a written application is not necessary to
validate a trial court’s appointment of a receiver.  Appellees also argue that
the record shows sufficient notice of the hearing regarding appointment of a
receiver.

When the court gave notice of the
May 25, 2004, hearing, it listed appointment of a receiver as one of the
purposes of the hearing.  Because no application to appoint a receiver was on
file at this point, the trial court raised this issue on its own motion. 
However, both the trust property and the probate property were subject to
management by a fiduciary—the trustee or the personal representative of the
estate.  Thus, we find that these facts do not justify the appointment, on the
court’s own motion, of a receiver to preserve the trust and probate property.  See
Cross v. Cross, 738 S.W.2d at 87; B&W Cattle Co., 692 S.W.2d
at 951.

In the alternative, we will review
the notice issue.  Krumnow did not receive notice to be heard on
Appellee’s application to appoint a receiver filed at the May 25, 2004,
hearing.  See Tex. R. Civ.
P. 695; Preston 117 Joint Venture, 753 S.W.2d at 750; North Side Bank,
585 S.W.2d at 792.  Because we do not find that the status of the property
could not be maintained by the fiduciaries (trustee and successor executor), or
that the rights of all interested parties could not be protected pending a
hearing by a restraining order or temporary injunction or less drastic remedy,
or that there was a great emergency and imperious necessity for immediate
appointment, we hold that the trial court erred in appointing a receiver
without notice to Krumnow to be heard on the application.  See
Whirley, 536 S.W.2d at 581.  The trial court abused its discretion in
appointing a receiver.  See Balias, 748 S.W.2d at 256; Bocquet,
972 S.W.2d at 21.

Issue one is sustained.  We reverse
the section of the trial court’s June 2, 2004, order appointing the receiver
and render judgment dissolving the receivership.  We remand the trust portion
of this cause to the district court for further proceedings consistent with
this opinion.

CONCLUSION

We do not have jurisdiction to
review issues two and four, and thus, dismiss them.

We dismiss issue three in part and
sustain it in part.  We vacate the section of the June 2, 2004, order denying
the motion to set aside and vacate the May 14, 2003, order.  We vacate the
appointment of the successor executor, Stephen Boykin, in the May 14, 2003,
order.  The order removing Krumnow as executor in the May 14, 2003, order is
final.  

We sustain issue one and reverse the
section of the trial court’s June 2, 2004, order appointing the receiver.  The receivership
is dissolved.  

We remand the cause with
instructions to return the contested probate matter to the county court for
further proceedings consistent with the May 14, 2003, order and this opinion, and
for further proceedings concerning the Trust consistent with this opinion.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray present but not voting.)[3],
[4]

Judgment reversed in
part

Cause remanded with
instructions

Opinion delivered and
filed August 24, 2005

[CV06]









    [1]       All
references in this opinion are to the Probate Code as it existed in 2002, the
date of the county court’s order transferring the “contested matter” to the
district court.

 





    [2]       It
would have been clearer if Krumnow had filed a separate petition under a
different district court cause number than the cause number for the contested
probate matter that was transferred from the county court.  

 





    [3]       Chief
Justice Gray requested that the issuance of this opinion be delayed.  Justices
Vance and Reyna rejected that request and voted to issue the opinion.  Chief
Justice Gray will file a special note at a later date.

 





    [4]       This
is an accelerated appeal.  Chief Justice Gray has had the opinion since April
26, 2005.