[No. 4795.]

THE PEOPLE EX REL. DANIELS ET AL. v. THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, AND MULLINS, AS JUDGE THEREOF.

1.  Prohibition—Jurisdiction—Receivers.

On application for a writ of prohibition from the supreme court to restrain a district court from proceeding in the matter of appointment of a receiver, the only questions to be considered are whether the district court has jurisdiction of the subject-matter of the action, and, if it has jurisdiction, whether it has exceeded its lawful authority in appointing a receiver.

2.  Receivers—Appointment of, Without a Hearing.

Where a party to a pending action applies for the appointment of a receiver, his adversary should have notice, and, if in court, the adversary has an absolute right to file an answer to the petition putting in issue the matters therein set up, and evidence should be heard to determine the issues joined before decision is made. Where a demurrer was filed to a petition for the appointment of a receiver and immediately upon the overruling of the demurrer the court proceeded to appoint a receiver without giving defendants time to answer or an opportunity to even ask leave to further plead, the action of the court in departing from the established procedure in appointing the receiver was in excess of its lawful authority.

3.  Receivers—Appointment of—Jurisdiction.

Courts of equity have no jurisdiction to appoint a receiver except in a pending action in which the receiver is desired.

4.  Same—Corporations—Dissolution.

In the absence of a permissive statute, courts of equity have no power to dissolve a going business corporation, and to appoint a receiver for the sequestration of the corporate property.

5. **Corporations — Dissolution — Receivers — Statutory Construction.**

Section 497 Mills' Ann. Stats., conferring upon courts of equity power to dissolve corporations and to appoint receivers therefor, merely gives a remedy in the nature of a creditor's bill, and was not intended to give the court authority to dissolve a corporation or to appoint a receiver at the suit of an individual stockholder who complains of fraud in the management of the affairs of the corporation. Neither does such authority exist under section 163 of the Civil Code.

6. **Corporations—Dissolution—Receivers—Jurisdiction.**

The appointment of a receiver as incidental and auxiliary to an action by an individual stockholder sueing in behalf of himself and others similarly situated, to dissolve the corporation and wind up its affairs because the managers had diverted the corporation from its true object and carried on its business to their own enrichment and to the injury of the stockholders, was in excess of the jurisdiction of the court.

7. **Prohibition—Scope of Writ.**

Where an unauthorized act of an inferior court has already been performed and something remains to be done to give full effect to its judgment, the writ of prohibition may be granted not only to prevent further illegal action, but also to undo what has already been done.

## Original Proceeding on Petition for Writ of Prohibition.

This is an original application for a writ to prohibit the district court of the city and county of Denver from proceeding further in an action there pending, on the grounds that it has not jurisdiction of the subject-matter of the suit, and has acted therein beyond its legitimate powers. That action was brought by George A. Suffa against four mining corporations organized under the laws of the state of Colorado, and a fifth one incorporated under the laws of the state of Iowa, and William P. Daniels and Nathan C. Merrill, their president and secretary, respectively. Plaintiff sued in the capacity of a stockholder of each of the companies, in his own behalf

and in behalf of other stockholders similarly situated.

The complaint is voluminous and abounds in repetitions and indefinite statements. This is admitted, but the defects are said to be unavoidable, for more accurate information could be had only from defendants, who refused to give it. There are mingled in one statement, with no attempt at separation, several distinct causes of action, some of them against the natural persons, some against the corporations, defendants.

For our present purposes the pleading may be condensed into a few general statements. It avers, or attempts to do so, that of the capital stock of the corporations, which at par value aggregate several millions of dollars, the plaintiff is the owner of certain shares for which he paid the sum of $3,716.50. Becoming dissatisfied with the management of the corporations, and desiring to examine their books, records and lists of stockholders, he applied for, and was denied, access thereto, whereupon he brought an action in the district court to compel the official custodians of the same to permit an inspection, and such relief was granted, whereupon defendants took the case by appeal to our court of appeals, where the action was, and still is, pending and undetermined; that he was compelled to come to Colorado from the state of Massachusetts, his residence, for the purpose of protecting his interests as such shareholder, and to expend large sums of money in prosecuting the mandamus suit, for which he asks judgment against defendants Daniels and Merrill, whose wrongful conduct forced him to make these expenditures; that Merrill and Daniels caused certain libelous and scandalous publications to be made of and concerning the plaintiff, because of the differences between the parties, respecting the corporate management,

for which plaintiff also-claims damages against them; that he was induced to purchase stock through fraudulent representations of Merrill and Daniels as to the value of the corporate properties, and because of their certain fraudulent representations after the purchase of the stock, which were made with a view to induce him to retain his stock and not to become dissatisfied with his investment, he was further damaged. It is alleged that the individual defendants have transferred to what is called the "purchasing department," the nature and object of which are not fully understood by plaintiff, and certainly not comprehended by us, some of the property of these corporations, and, unless prevented by the court, they will transfer thereto, and dispose of, other corporate property, to the injury of plaintiff and other stockholders.

There are general charges that these corporations were fraudulently organized by the individual defendants for the purpose of perpetrating frauds upon contemplated stockholders, of whom plaintiff is one, and for defrauding and deceiving the public generally, and that from the sales of their capital stock the sum of nearly a million dollars has been received, and that the present assets of all the corporations do not exceed the sum of one hundred thousand dollars, the deduction evidently intended being that these defendants have converted the remainder of the receipts to their own use; and that they have confederated and conspired together for the purpose of controlling the management of the corporations, to the damage of their stockholders; that the officers of the companies are under the control of the individual defendants, who also control the majority of the capital stock, and they have declared fictitious dividends, not out of the earnings of the company, but from the sale of stock; that before these corporations were

organized by Daniels and Merrill, they were bankrupt; since that time they have become wealthy and have a large amount of property, though not standing in their own names, and these properties have been acquired by them from money which they have wrongfully diverted from the corporations and appropriated to their own use.

In brief, the allegations of the complaint charge mismanagement, fraud, and *ultra vires* acts against the officers of the corporations, already committed, and plaintiff fears that similar acts will be perpetrated. Some of these charges, made against Daniels and Merrill, are, if true, wrongs against the plaintiff, as a stockholder, and some wrongs against him in his individual capacity. The prayer for relief is for damages against the defendants in the sum of over seventeen thousand dollars, for a decree setting aside the charter and corporate powers of the different corporations, dissolving them and closing up their business, for an injunction pending the litigation restraining the defendants from further wrongful acts in their management, and from disposing of the corporate property or assets, and for the appointment of a receiver.

To this complaint the defendants filed a demurrer containing almost all of the grounds designated in our code, and also a motion specifically challenging the jurisdiction of the court over the subject-matter of the action, and particularly questioning its jurisdiction to appoint a receiver.

The demurrer and motion were heard at the same time, and the court overruled them, and, as appears from its opinion in passing upon the same, without giving the defendants an opportunity to answer, immediately, and, indeed, before the formal order overruling the motion and demurrer was announced, appointed a receiver of the property,

naming him, and on the same day approved his bond and ordered the corporation officers at once to turn over to the receiver all their properties and effects, books, deeds, contracts, etc.; in effect, substituting its own receiver for the officers of all these corporations, and assuming to confer upon him all the corporate powers which the legally-elected officers could exercise under the law. The receiver at once took possession of some property and effects of the corporations within his reach, but before he could get possession of all, this application was made, and upon the preliminary hearing, which resulted in the issuance of a rule to show cause, the district court was directed to take no further action until further order of the supreme court.

Mr. GEORGE STIDGER and Mr. GEORGE S. REDD, for petitioners.

Mr. H. G. BENSON and Mr. D. C. WEBBER, for respondents.

*Per Curiam.*—1. From the foregoing summary of the complaint it will be noted that the money judgment prayed for was on account of alleged frauds committed, and *ultra vires* acts done, by the individual defendants for which their companies could not, under the averments, and, indeed, were not asked to, be held liable. The only object of the action and the only judgment prayed for against the corporations, were their dissolution and the winding up of their affairs. Neither an injunction nor a receivership was appropriate, under the allegations of the complaint, to the relief of a money judgment, and, indeed, no such contention is made. If they are appropriate or ancillary to any phase of the case made, it is to that part of the relief which consists of a prayer for a dissolution of the corporations, and that is the claim made here by respondents. It fol-

lows, then, that we are to consider the question of the
trial court's power in appointing the receiver as an
ancillary remedy, as if this were merely an action
against a going, solvent, private business corporation,
instituted by a stockholder who is not its creditor, for
the purpose of working a dissolution of his company,
a forfeiture of its franchises and winding up of its
affairs, because of mismanagement, fraud, and *ultra
vires* acts of its controlling directors.

That the complaint is subject to some, if not all,
of the grounds interposed by the demurrer, is too
clear for argument; and were the case here upon a
review from a final judgment in favor of the plaintiff,
the judgment would be promptly set aside, not only
because of the insufficiency of the complaint, but upon
the ground that, if all the alleged grounds for the
appointment of the receiver were established by the
evidence, the action of the court in making such
appointment would be entirely without warrant in
law or fact.  But this is something we cannot con-
sider upon the present hearing.  The only question
that is before us upon this application, as we have so
often decided, is whether the district court had juris-
diction of the subject-matter of the action, or if, hav-
ing jurisdiction, it exceeded its lawful authority in
appointing a receiver.

2.  If it were conceded that it was competent for
the district court to hear and determine the action
before it, it does not follow that such jurisdiction is
so broad as to permit the court to render any par-
ticular judgment it saw fit to give, or, in rendering
the same, to depart from the regular course of pro-
cedure prescribed by the law of the land for the class
of cases to which the pending cause belongs.  It is
clearly contemplated by section 164 of our code,
when the appointment of a receiver is asked for by
a party to a pending action, that his adversary should

have notice, and, if in court, the absolute right to file an answer to the petition therefor, putting in issue the matters therein set up, and evidence to determine the issues joined should be heard, before decision is made. There may be instances where no answer can be filed, or where proof may be dispensed with; but where the parties are in court demanding their rights the code should be strictly observed. Here, in immediate connection with the overruling of defendants' demurrer to the complaint, which defendants had the legal right to interpose to ascertain the sufficiency of plaintiff's right to any relief, the trial court, before defendants could possibly answer, and without affording them an opportunity even to ask leave further to plead, appointed the receiver. There was no necessity for such extraordinary conduct, and the unseemly haste causes us to scrutinize carefully the acts complained of. We advert to this phase of the case principally to condemn the practice pursued below, as unwarranted, even in cases where the power to appoint a receiver is unquestioned. We might predicate our decision that the court acted in excess of its lawful powers in this material departure from the established procedure applicable to this case, but we prefer to rest it upon the broader ground that no authority was vested in the district court to appoint a receiver in the action before it, and to that proposition we address ourselves.

3. When the application for a rule to show cause was made, the respondents, upon notice, appeared and resisted its issuance. Their counsel then asserted the jurisdiction of the court below upon the authority granted by section 497, Mills' Ann. Stats., which, in substance, provides that if any corporation shall do an act which subjects it to a forfeiture of its corporate powers, or shall allow any execution of a court of record for a payment of

money, after demand made, to be returned "no prop-
erty found," or to remain unsatisfied for ten days
after such demand, or shall dissolve or cease doing
business, leaving debts unpaid, suits in equity may be
brought against the corporation and all who are
stockholders at the time, or who are liable in any way
for the debts of the corporation, and courts of equity
shall have full power, on good cause shown, to dis-
solve or close up the business of any corporation and
to appoint a receiver therefor.

We are of opinion, as already stated, that, under
a fair construction of the complaint, the ultimate and
only object of the action in the district court, as
against the corporation defendants, was their dis-
solution and a winding up of their affairs, because
of frauds and acts *ultra vires* by their directors. As
merely incidental thereto, there was a prayer for an
injunction to restrain anticipated wrongs and a
demand for the appointment of a receiver to take
possession of and preserve the property during the
pendency of the litigation. It is the law of this state
that courts of equity have no jurisdiction to appoint
a receiver, except in an action pending in which the
receiver is desired.—*Jones v. Bank of Leadville,* 10
Colo. 464. It is also the rule in this state, as gener-
ally in this country, that in the absence of a permis-
sive statute, courts of equity have no power to dis-
solve a going business corporation, and to that end
appoint a receiver for the sequestration of the corpo-
rate property. It is clear that our statute, above
quoted, in conferring upon a court of equity authority
which it would not otherwise possess, to decree the
dissolution of a corporation at the suit of an individ-
ual, and authorizing the taking charge of its property
by a receiver for the purpose of closing up its affairs,
merely gives a remedy in the nature of a creditor's
bill. Manifestly, it was not within the purview of

the statute that, at the suit of an individual stockholder who complained of frauds in the management, the court was given authority either to dissolve a corporation or to appoint a receiver. The statute, in substance, was copied almost literally from Illinois, and the construction put upon it there in repeated decisions is that the statute was intended merely to afford a remedy in the nature of a creditor's bill.— *Coquard v. Nat. Linseed Oil Co.,* 171 Ills. 480; *Hunt v. LaGrand Roller Rink Co.,* 143 Ills. 118; *Wheeler v. Pullman I. & S. Co.,* 143 Ills. 197.

The United States circuit court of appeals of the 8th circuit, in *Republican Mt. Silver Mines v. Brown,* 58 Fed. 644, laid down the generally recognized doctrine that a court of equity has no power at the suit of an individual to decree the dissolution of a domestic corporation and the winding up of its affairs, unless such extraordinary power has been conferred upon it by some statute, and the court in its opinion remarked that no existing statute in the state of Colorado had been called to its attention that conferred any such power.

Neither does the power exist under section 163 of our code of procedure. It is argued that the court has such authority under the first and third subdivisions of that section. We think, however, that the power to appoint receivers over domestic corporations in this state having been specially legislated upon in the section which we have already considered, neither the first nor third subdivision is applicable.— *State v. Superior Court,* 15 Wash. 668. But if, in some cases, these clauses could be invoked, as will hereafter be seen, they cannot be in the case in hand. Neither does the case as made come within the third subdivision which authorizes the appointment in such other cases as are in accordance with the practice in courts of equity jurisdiction. We have already

seen that a court of equity-has no inherent power to dissolve a going domestic business corporation, or to wind up its affairs, or to appoint a receiver therefor. This section has received the same construction in California, from which we borrowed our code.— *French Bank Case,* 53 Cal. 495; *State Inv. Co. v. San Francisco,* 101 Cal. 135.

*Jones v. Pearl Mining Co.,* 20 Colo. 417, is relied upon in final argument in support of the proposition that a court of equity has the power in a suit by an individual stockholder to dissolve a corporation and appoint a receiver. The case is not susceptible of that construction. In that case there was a prayer for an injunction and appointment of a receiver and for general relief, and the court held that under the complaint the court might award the plaintiff any relief to which the facts showed that he was entitled; but the court, speaking by Chief Justice Hayt, observed that it was unnecessary at that time to prescribe the particular relief which should be granted in case plaintiff succeeded in maintaining his action. That the plaintiff was entitled to some form of equitable relief is undoubtedly true, but that is not equivalent to saying that he was entitled to the appointment of a receiver.

In *Standley v. Mfg. Co.,* 27 Colo. 331, this court has virtually decided that the section of the statute relied upon is not authority for the appointment of a receiver in a case like the present, for it was there said that the authority of the court to decree the dissolution of a corporation at the suit of an individual, and to that end to appoint a receiver, is dependent solely upon the statute, and the limit of the power of the court in respect to the remedy is thereby circumscribed.

Apparently perceiving that the section of the general statute conferring in certain cases power

upon the court to dissolve a corporation and appoint a receiver would not authorize the doing of either in this action, counsel for respondents here in support of the appointment of a receiver have in a measure shifted ground, and now say that an individual stockholder, sueing in behalf of himself and others similarly situated, may in an action specifically charging fraud upon the part of the managing officers of the corporation and acts *ultra vires*, properly invoke the inherent powers of a court of chancery and ask for the appointment of a receiver to preserve the property and conduct its affairs. The great weight of authority is against this proposition, many of the cases holding that a court of equity will grant to a stockholder appropriate relief, measuring the same by the facts of each case, but that usually full and adequate relief can be given through a writ of injunction, and that a receiver is not necessary except, if at all, in extreme instances, of which the case as made by the complaint here is not one. Perhaps the strongest cases in support of this contention are *Haywood et al. v. Lincoln Lumber Co.*, 64 Wis. 639, and *Miner v. Belle Isle Ice Co.*, 93 Mich. 97.

We are not called upon, however, to enter that field of investigation, for no such case has been made by the complaint. The sole object of the action in the district court in which the receiver was appointed was, as against the corporations defendants, avowedly and clearly to dissolve them and wind up their affairs because their managers had diverted them from their true object and carried on their business to their own enrichment and to the injury of the stockholders, and were guilty of acts *ultra vires*, for all of which they had forfeited their fran-

chises to exist, and do business, as corporations. The injunctive relief and relief through a receiver were sought purely as incidental and auxiliary to the ultimate object of the suit which demanded relief that was beyond the jurisdiction of the court to afford. It necessarily follows that any relief, incidental or auxiliary to the main and only object of the action, was likewise in excess of the jurisdiction of the court to grant.—*People v. Weigley,* 155 Ills. 491.

No claim is made that the ordinary remedies open to the petitioners are adequate. No point has been made by respondents that the extraordinary relief demanded should not be granted if the district court was acting in excess of jurisdiction. Usually the remedy by prohibition is preventive, rather than corrective; but where, in order to give complete relief thereby, an unauthorized act of an inferior tribunal has been performed and something remains to be done to give full effect to its judgment, the writ may be granted not only to prevent further illegal action, but also to undo what has already been done.—*People v. District Court,* 28 Colo. 161; *Havemeyer v. Superior Court,* 84 Cal. 327, 392.

The rule to show cause heretofore issued is made permanent, and a peremptory writ of prohibition is issued commanding the district court to take no further steps in the receivership, other than to set aside and vacate its order heretofore granted, appointing a receiver, and to enter another order requiring the receiver to turn over to the proper officers of the corporations, defendants in that action, all their property and effects of which he has heretofore become possessed under the order of the district court.

*Writ allowed.*