No. 17,328.

HEPNER ET AL. *v.* MILLER ET AL.
(274 P. [2d] 818)

Decided October 4, 1954.   Rehearing denied October 25, 1954.

Mr. BERNARD J. SEEMAN, Mr. JAMES D. DOYLE, Mr. ARTHUR CASSIDY, for plaintiffs in error.

Mr. SOLOMAN GIRSH, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

HEPNER-MILLER, INC., a Colorado corporation, with a capitalization of thirty thousand shares was officered by Lillian Hepner as president, O. L. Miller, vice-president, and A. J. Hepner, secretary-treasurer. These individuals also constituted the board of directors of the company. The stock in the corporation was equally divided between the Hepner family and the Miller family. The corporation was organized to operate a large ranch in Adams county, Colorado and O. L. Miller was the manager thereof. In the complaint filed by O. L. Miller and his wife, Thadese Miller, they alleged that certain differences arose between the directors of the company, so that at the times scheduled for annual stockholders' meetings in 1951 and 1952 to elect a board of directors, the votes for such directors were evenly divided, "with the result that a new board of directors has not been, and cannot be selected, and the corporation has not, since July of 1951, had a properly constituted governing body." It was further alleged that in July 1952 O. L. Miller received notice from the secretary of the corporation that he was removed as company manager. It was further

alleged that the bank in which this corporation had its funds was notified that O. L. Miller had no authority to withdraw any of the corporate funds. Plaintiffs further alleged they were "being denied an equal voice in the management of the corporation to which they are entitled by reason of their ownership of one-half of the corporate stock thereof." They prayed for a dissolution of the corporation; for the appointment of a receiver to liquidate the company; to sell its assets and make distribution among the stockholders.

After issue joined, both parties filed motions for summary judgment. Supporting plaintiffs' motion, an affidavit by O. L. Miller was filed, which in essence recited the several attempts made by the Millers or their counsel to increase the number of directors from three to four and the inability of the stockholders to agree on a new board of directors.

The trial court entered its order and judgment that the corporation be dissolved and a receiver was appointed to take over management of the company; to sell the assets of the company and make distribution of the proceeds among the stockholders. From the judgment so entered the plaintiffs in error bring the cause here by writ of error.

Counsel for the Millers admit the sole point involved in this action is "whether a corporation which is solvent, free from debt and operating, can be dissolved and a receiver appointed at the instance of a stockholder when no fraud is alleged." Counsel also admit there is no statutory authority in Colorado for the "appointment of a receiver for a corporation on behalf of a stockholder."

We said in *People ex rel. Daniels, et al. v. District Court,* 33 Colo. 293, 80 Pac. 908: "It is also the rule in this state, as generally in this country, that in the absence of a permissive statute, courts of equity have no power to dissolve a going business corporation, and to that end appoint a receiver for the sequestration of the corporate property."

246

"In Pomeroy's Equity Jurisprudence (4th Ed.) vol. 4, p. 3615 §1540, it is said: 'it is well settled, with scarcely a dissenting voice, that in the absence of express statutory authority, a court of equity has no power to dissolve a corporation, or to wind up its affairs and sequestrate its property.' We so held in *People v. District Court,* 33 Colo. 293, 80 Pac. 908, but also showed the impossibility of making use of the statute against a solvent, going concern, a point in *People v. District Court, supra,* not applicable to the pulp company in its present stage." *Rossi v. Colorado Co.,* 88 Colo. 461, 299 Pac. 19.

A wealth of cases is cited in support of the text found in section 1322, page 1179, 13 Am. Jur., which reads: "The prevailing general rule is that a court of equity has no jurisdiction, in the absence of statute, to decree the dissolution of a corporation or the forfeiture of its charter, either at the suit of an individual or stockholder or at the suit of the state."

■ Our holdings having been consistent with the great weight of authority, we must resolve the instant case against the plaintiffs and hold that a court has no power, in the absence of a permissive statute to dissolve a going solvent corporation; to appoint a receiver to sell its assets, and divide the proceeds of such sale among the stockholders.

The corporate structure of Hepner-Miller, Inc., was of the making of both the Miller and the Hepner families. They determined there should be three directors and that the respective groups should each own one-half of the corporate stock. No mismanagement is alleged; no fraud charged, and the only complaint made is that at a stockholders' meeting the Hepners were unwilling to amend the articles to provide for four directors in place of the three designated by the original articles of incorporation, a situation which would doubtless provide another deadlock in the corporate management.

■ Here we have a solvent, prosperous, going organi-

zation, with a full board of directors governing its affairs. To hearken to the demand of the Miller interests and to wind up the company; sell its assets and distribute the proceeds thereof among the stockholders, would be contrary to the adjudicated cases. Dissatisfaction on the part of a stockholder does not vest a Colorado court with power to decree the death knell of such a going concern. It was said in *Canon City Labor Club v. People, ex rel.,* 21 Colo. App. 37, 121 Pac. 120: "A decree of dissolution bears the same relation to a corporation that a sentence of death bears to a natural person, and should be and is received with disfavor and exercised with extreme caution."

The instant action is readily distinguishable from the case of *Burleson v. Hayutin, et al.,* decided July 26, 1954, 273 P. (2d) 124. There, the owners of one-half of the corporate stock were assuming full control of the corporate affairs, all to the exclusion of Burleson; "Ample arrangements were made to absorb much of the income of the corporation by salaries created and by bonuses provided for, without any recognition of Burleson, by which he should share in the benefits of the profits due him as owner of one-half of the corporate stock of the corporation." We also said: "Burleson is the victim of a wrong perpetrated upon him, * * *." We did not order the dissolution of the corporation in the Burleson case.

Burleson sought to vote his stock in the corporation through a proxy and was denied that right by those in control of the corporation. We held that the election of the directors at the meeting when Burleson was denied the right to have his stock voted, was illegal, and the acts of the board were without effect as to the interest of Burleson.

Nothing comparable to these facts is to be found in the record before us.

The judgment of the trial court is reversed and the

cause remanded with directions to discharge the Receiver and dismiss the action.

MR. JUSTICE MOORE dissents.