No. 17,619.

O. L. MILLER, ET AL *v.* LILLIAN HEPNER, ET AL.

(292 P. [2d] 968)

Decided October 10, 1955.

Mr. SOLOMON GIRSH, for the plaintiffs in error.

Mr. BERNARD J. SEEMAN, Mr. JAMES D. DOYLE, for the defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE subject matter of this review is the propriety of the trial court's order in allowing receiver's fees, attorneys' fees, appraisal and other fees, to be paid by plaintiffs in error, evolving from an action brought by them as plaintiffs, seeking receivership and dissolution of a corporation.

The facts are clearly stated in the case of *Hepner v. Miller,* 130 Colo. 243, 274 P. (2d) 818, and will now only succinctly be stated without a discursive review thereof.

As a result of a dissension between stockholders of a family-owned corporation, namely, Hepner-Miller, Inc., a Colorado corporation, where the capital stock was equally divided between the representatives of family interests, one branch of the family stockholders sought, by a complaint in the district court, a dissolution of the corporation, appointment of a receiver to sell the assets and make distribution among the stockholders. On trial of the issues made, the court entered an order and judgment that the corporation be dissolved and a receiver appointed to take over the management of the company, sell the assets, and make distribution. This order was stayed and a review thereof had in this court in the case of *Hepner v. Miller, supra.* We there held that in the absence of a permissive statute, courts of equity have no power to dissolve a going business corporation and appoint a receiver of the corporate property, and reversed the judgment of the trial court and remanded the cause with directions to the trial court to discharge the receiver and to dismiss the action. Upon remittitur the trial court entered appropriate orders to that end.

The receiver had been in charge of the corporation's funds, including its receipts and disbursements, for a period of about twelve months. According to the receiver's report, he, at the time of taking over, received $14,437.55 as a transfer from the corporate account to that of the receiver; and from other sources during his administration, several amounts which made a total of funds coming into his hands of $17,920.39. He paid out sixteen items, seemingly all proper disbursements, amounting to $9,914.15. Upon filing of this report the receiver requested that the report be approved; that he be discharged and authorized to distribute to the corporation the sum of $8,006.24 remaining in his hands, less the amount of a bond premium, fees of appraisers, the sums allowed by the court for the services of the receiver, his attorney's fees, and such other orders as the court thought proper. Objections to this report and accounting were filed. However, the trial court approved the report and ordered the distribution. On the same day the receiver's report was being considered the matter came on for hearing on the remittitur from this court for allowances to the receiver and his attorney, and for a determination and assessment of the costs. The trial court fixed $100.00 a month or the sum of $1,200.00 as a reasonable sum for the receiver; $750.00 as a reasonable attorney's fee for the attorney for the receiver; other items of cost; and that these fees and costs be assessed against plaintiffs. Judgment was entered accordingly.

Plaintiffs summarize their argument in this court about as follows: That the trial court was in error in passing upon the matter of the responsibility of the parties, and against whom the costs and expenses should be taxed; the parties being present in court only on the matter of the petition of the receiver seeking his discharge and approval of his report; that it was improper for the court, over the objections of plaintiffs, to make a determination that the costs and expenses of the re-

ceivership be taxed to the plaintiffs where no application for the taxing of such costs had been made; that the amounts allowed were excessive considering the limited nature of the activities of the receiver, and the limited services rendered by the attorney, all of which could have been performed by the receiver; and finally, that since the receiver was not permitted by the order of court to sell the real estate belonging to the corporation, there was no need for an appraisal and the fee therefor was an improper charge.

Defendants in error contend that the lower court rightfully taxed the costs and expenses against plaintiffs, who, wrongfully and over the objections of defendants, obtained the appointment of the receiver; that the lower court rightfully refused to tax these costs against innocent persons whose property was wrongfully encumbered at the instance of plaintiffs.

The contentions of defendants in error are sound and amply supported by the rule in this state, established in many of our early cases to the effect that the parties who improperly obtain the appointment of a receiver are liable for the costs of the receivership. *Cassidy, et al v. Harrellson,* 1 Colo. App. 458, 29 Pac. 525; also the case of *Hendrie & Bolthoff Co. v. Parry,* 37 Colo. 359, 86 Pac. 113, wherein the court stated: "It has been ruled that a plaintiff who improperly secures the appointment of a receiver, and not the defendant whose property is wrongfully taken from him, is liable for the legitimate expenses of such receivership * * *."

We see no reason to continue this discussion, since, as before stated, this Court determined that in the instant case the trial court had no authority to appoint the receiver, and any expenses incurred thereby and incident to such receivership cannot be paid from corporate funds or any funds in the hands of the receiver, but are properly taxable against the parties instigating an improper and illegal receivership. The trial court was right in so taxing the fees and costs; however, we see

no reason, simply because plaintiffs were ill-advised in their action, to assess excessive charges against them, and it is our opinion that the judgment with reference to receiver's fees and fees of attorney for receiver are excessive when considered in the light of the services rendered, and if the fees allowed are reduced fifty per cent, all concerned will have been amply compensated. As to the fees for appraisal of the real estate, it is to be observed that this appraisal was premature on the part of the receiver and it is only fair and just that he be directed to pay this item.

According to the views herein expressed, the judgment of the trial court is modified and as modified, affirmed and the cause remanded with directions to the trial court to enter appropriate orders in accordance herewith.