Timothy W. Mountz, Jesse Green, Dallas, for appellant.

Bill C. Hunter, Richard J. Quist, Jr., Dallas, for appellee.

### INDEPENDENT AMERICAN SAVINGS ASSOCIATION, a Federal Savings and Loan Association, Appellant,

v.

### PRESTON 117 JOINT VENTURE, Appellee.

### No. 05–88–00369–CV.

Court of Appeals of Texas, Dallas.

June 8, 1988.

Rehearing Denied July 25, 1988.

Before STEPHENS, HECHT and KINKEADE, JJ.

STEPHENS, Justice.

Independent American Savings Association appeals from an interlocutory ex parte order, under the authority of Texas Practice and Remedies Code article 51.014, entered by the trial court appointing a receiver to take possession of the property of Preston 117 Joint Venture. The order was entered without notice to Independent American Association. Appellant alleges that the district court erred in appointing a receiver to take charge of immovable property without notice to appellant in violation of Texas Rule of Civil Procedure 695. We agree with appellants; therefore, we reverse and order the receivership dissolved.

Independent American Savings Association loaned $12,100,000.00 to Preston 117

Joint Venture to purchase a tract of land in Collin County, Texas. Independent American retained a first lien on the property as security for its loan. On February 3, 1988, Independent American gave appellee notice of its intent to foreclose its mortgage on March 1, 1988, because of appellee's default on the promissory note. On February 26, appellee filed a petition for receivership which was granted ex parte. The receiver, after his appointment, delivered written notice of appointment to bank's attorneys. Because of this receivership order, the bank did not foreclose as scheduled on March 1, 1988.

■ Receivership is an extraordinarily harsh remedy and one that courts are particularly loathe to utilize. In *Best Investment Co. v. Whirley*, 536 S.W.2d 578, 581 (Tex.Civ.App.—Dallas 1976, no writ), this court stated that "[i]n recognition of the fact that appointment of a receiver without notice is one of the most drastic actions known to law or equity and should be exercised with extreme caution and only where great emergency or imperative necessity requires it, our courts have uniformly been reluctant to grant such harsh relief."

■ Furthermore, in regard to receivership applications involving real property the Texas Rules of Civil Procedure specifically interdicts the appointment of a receiver without notice. Rule 695 provides in relevant part:

Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing....

It is settled that "fixed and immovable property" under Rule 695 refers to real property. *Continental Homes Co. v. Hilltown Property Owners Ass'n*, 529 S.W.2d 293, 296 (Tex.Civ.App.—Fort Worth 1975, no writ). The Fort Worth court further stated that the trial court in that case had committed reversible error in appointing a receiver over the defendants' real estate without giving the notice required by Rule 695. The Fort Worth court further held that reversible error was also committed by not giving the defendants the right to be heard on the application before the receiver was appointed, as required by Rule 695.

The language in the rule is clear and unambiguous: notice must be given to parties whose interest would be adversely affected by the appointment of a receiver when the property is fixed and immovable. Furthermore, when the application is made, notice of a hearing shall be given to the adverse parties. It is the opinion of this court that Independent American is entitled to notice under Texas Rule of Civil Procedure 695 as a creditor because of its lien on immovable property. The court held in *North Side Bank v. Wachendorfer*, 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) that a lienholder must be notified of the hearing to appoint a receiver when the security involved is immoveable property. In the instant case the only asset involved is real property. None of these statutory mandated steps were executed in this case. This court can find no exceptions to this rule, nor has appellee cited us to any authority which would alleviate appellee's obligation to give the bank notice of the right to be heard on the application for receivership. As this is dispositive of the appeal, we need not address the bank's remaining points of error.

Accordingly, we reverse the trial court's judgment and order dissolution of the receivership.