**GE LIFE AND ANNUITY ASSURANCE COMPANY, formerly The Life Insurance Company of Virginia, a Virginia corporation, Plaintiff and Counterclaim–Defendant–Appellee,**

v.

**FORT COLLINS ASSEMBLAGE, LTD., Defendant and Counterclaim–Plaintiff–Appellant.**

No. 01CA0081.

Colorado Court of Appeals, Div. I.

Dec. 6, 2001.

Certiorari Denied Aug. 19, 2002.

Isaacson, Rosenbaum, Woods & Levy, P.C., Pamela A. Johnson, Denver, CO, for Plaintiff and Counterclaim–Defendant–Appellee.

Fairfield & Woods, P.C., John M. Tanner, Anna S. Itenberg, Denver, CO, for Defendant and Counterclaim–Plaintiff–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Fort Collins Assemblage, Ltd. (FCAL), appeals the trial court's order granting the request of plaintiff, GE Life and Annuity Assurance Company (GE), to appoint a receiver. FCAL also appeals the judgment entered against it and in favor of GE. We reverse and remand for further proceedings.

GE was the holder of a promissory note in the original principal sum of $1,000,000. Originally executed by a third party in 1985, the promissory note was secured by a deed of trust on a property in El Paso County. In 1989, FCAL purchased the property from the third party and subsequently made monthly payments to GE pursuant to the note until early 2000.

The deed of trust provided that:

in the event of a default in any of the Loan Documents, Trustees and Noteholder, individually or collectively, as Noteholder shall determine, are hereby vested with the power to seek and obtain the appointment of a receiver as a matter of right and regardless of the adequacy of the security for the indebtedness hereby secured.

FCAL did not make monthly payments for the first two months of 2000. In March, GE sent FCAL a notice of default indicating that it was accelerating the amount due under the note and that, if the default were not corrected, GE would initiate foreclosure proceedings and seek appointment of a receiver.

FCAL submitted a partial payment to GE in the amount of $23,449 on March 23. No payment was made in April.

On April 28, GE filed a verified complaint and an ex parte motion for appointment of a receiver. In its motion, GE stated, among other things, that FCAL was in default on the promissory note, that GE had initiated foreclosure proceedings, that GE was enti-

tled to appointment of a receiver as a matter of right, and that GE had faxed FCAL notice of the motion on April 27. The trial court granted GE's motion and appointed a receiver on April 28, 2000; the receiver took charge of the property pursuant to the order. However, the trial court did not approve the bond of the receiver until May 9, 2000.

FCAL filed a motion to dismiss on May 26, 2000, alleging that the receiver was improperly appointed for several reasons, including that it had not received any notice from GE, by fax or otherwise, before GE filed its motion for appointment of a receiver. Shortly thereafter, FCAL obtained a loan to cure the alleged default on the property. In June 2000, the parties filed a joint motion to vacate the order appointing the receiver. The trial court granted·the motion but kept the action open until the receiver made a final accounting. After the receiver submitted his final report, GE moved to discharge the receiver, and the trial court did so.

On August 5, 2000 FCAL filed an objection to the discharge of the receiver and also filed two counterclaims against GE and a third-party complaint against the receiver. FCAL alleged that the receiver had breached his fiduciary duties and that GE had initiated a wrongful foreclosure and a wrongful receivership. GE subsequently filed a motion to dismiss, which the trial court treated as a summary judgment motion and granted, dismissing all claims against the receiver and GE. On appeal, FCAL only appeals the judgment with respect to GE.

### I. Appointment of Receiver

FCAL contends that the trial court abused its discretion when it appointed a receiver upon GE's ex parte motion. We agree.

The appointment of a receiver is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Jouflas v. Wyatt,* 646 P.2d 946 (Colo.App.1982).

However, under Colorado law, a receiver should not be appointed unless the requesting party can demonstrate that the security

is clearly inadequate or that the subject property is in danger of being dissipated. § 38–38–601, C.R.S.2001.

■ An exception to this rule occurs when a contract allows the parties to appoint a receiver under different circumstances. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Denver Hotel Ass'n*, 830 P.2d 1138 (Colo.App.1992)(trial court did not abuse its discretion in appointing a receiver ex parte where based on contract, bank was entitled to such appointment in the event of default).

Relying on *Bank of America*, GE argues that it was entitled to the ex parte appointment of a receiver pursuant to a provision in the deed of trust. However, we conclude that *Bank of America* is distinguishable because the deed of trust language there allowed for the appointment of a receiver "without notice to Grantor." *Bank of America, supra*, 830 P.2d at 1139.

Here, although the deed of trust permitted the appointment of a receiver, it did not contain similar language allowing appointment of a receiver without notice.

Furthermore, Colorado courts generally disfavor the ex parte appointment of a receiver in the absence of any emergency or exigent circumstances. *See Oberto v. Moore*, 93 Colo. 93, 97, 23 P.2d 578, 580 (1933)("[A] receivership should not be created unless upon notice that gives ample time for all interested parties to attend and be heard. If there be exceptional cases that require *ex parte* action, they are limited to momentous emergencies which manifestly threaten dire destruction of health, safety, or irretrievable estate."); *Belknap Sav. Bank v. Lamar Land & Canal Co.*, 28 Colo. 326, 64 P. 212 (1901)(before appointing a receiver, notice must be given to those entitled to be heard); *Johnson v. McCaughan, Carter & Scharrer*, 672 P.2d 221 (Colo.App.1983)(noting that the ex parte appointment of a receiver may be permissible in emergency situation or where notice is impractical).

While we recognize that the above cases do not consider the ex parte appointment of a receiver in connection with a deed of trust allowing such appointment, other jurisdictions have noted that in enforcing contractual and statutory provisions, a receiver should not be appointed without prior notice and the opportunity to be heard, in the absence of exigent circumstances. *See Fed. Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 813 F.Supp. 234 (S.D.N.Y.1993)(party seeking ex parte appointment of receiver must demonstrate that notice is impractical because the party involved cannot be found, because there is a bona fide emergency situation, or because prior notice would be likely to result in disappearance of critical evidence or property); *Braun v. Pepper*, 224 Kan. 56, 578 P.2d 695 (1978)(appointment of a receiver without notice is improper); *Indep. Am. Sav. Ass'n v. Preston 117 Joint Venture*, 753 S.W.2d 749 (Tex.App.1988)(appointment of a receiver without notice should be exercised with extreme caution and only where great emergency or imperative necessity requires it).

We conclude that these principles should guide us in considering whether the trial court abused its discretion in appointing a receiver, ex parte, where the deed of trust did not provide for such appointment without notice.

■ Here, FCAL asserts, and GE does not dispute, that it received no notice of GE's motion to appoint a receiver, even though GE asserted in its motion that it had given FCAL notice. Indeed, GE asserts in its brief on appeal that even if it was mistaken in asserting in its complaint that it had sent a fax to FCAL regarding the appointment of a receiver, it was nevertheless entitled to the appointment of a receiver in the event of a default by FCAL. Given this state of the record, we will assume that no prior notice was faxed to FCAL before GE sought the appointment of a receiver. Therefore, without notice, FCAL had no opportunity to request a hearing to contest the appointment of a receiver. In addition, a review of the record demonstrates that GE made no showing of an emergency situation or exigent circumstances. The only ground that GE asserted was that it was entitled to the appointment of a receiver as a matter of right based on the language in the deed of trust. However, we conclude that absent any express language in the deed of trust allowing

the appointment of a receiver without notice, the trial court should not have granted GE's ex parte motion without notice, an opportunity to be heard, or some showing of emergency circumstances threatening the value of the property.

GE argues that any errors regarding procedural irregularities in the appointment of the receiver were harmless because GE had an unequivocal right under the deed of trust to the appointment of a receiver. We disagree.

Because the trial court could have determined, in the exercise of its discretion, that GE had waived or was estopped from initiating any foreclosure proceedings, and was therefore not entitled to a receiver as a matter of right, we conclude that whether the ex parte appointment was harmless depends on the validity of FCAL's waiver and estoppel defenses. Indeed, FCAL has raised waiver and estoppel arguments in the trial court and this appeal.

Finally, although we conclude that the trial court abused its discretion in granting GE's ex parte motion, we note that it might not have granted GE's request to appoint a receiver had it known that FCAL had in fact not received prior notice of such request.

Thus, because FCAL received no notice and was not given an opportunity to be heard, and GE made no demonstration of exigent circumstances, we conclude that the appointment of a receiver under these circumstances was improper. However, we reject FCAL's request that we declare that the appointment of the receiver was void. Rather, we remand the case for determination of whether GE was entitled to appointment of a receiver as a matter of right or, if not, whether FCAL is entitled to damages for improper appointment of a receiver.

## II. Summary Judgment

FCAL contends that the trial court erred in granting summary judgment in favor of GE on FCAL's two counterclaims related to wrongful foreclosure and appointment of a receiver. We agree.

■ Appellate review of summary judgment is de novo. *Aspen Wilderness Work-shop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

Summary judgment will be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

A material fact is one that will affect the outcome of the case, and all doubts are resolved against the movant. *Moffat County State Bank v. Told,* 800 P.2d 1320 (Colo. 1990).

In determining whether summary judgment was appropriate, a reviewing court must view the facts in the light most favorable to the nonmovant. *Colorado Civil Rights Comm'n v. N. Washington Fire Prot. Dist.,* 772 P.2d 70 (Colo.1989).

It is error for the trial court to grant summary judgment when pleadings and affidavits show material facts in dispute. *McCormick v. Diamond Shamrock Corp.,* 175 Colo. 406, 487 P.2d 1333 (1971).

■ Here, a review of the affidavits submitted by GE in its motion to dismiss and by FCAL in its response to GE's motion reflects that disputed issues of material fact remained with regard to: (1) whether GE gave FCAL adequate notice of default or foreclosure; (2) whether GE was estopped or had waived its right to foreclosure because it accepted a partial loan payment; and (3) whether GE accelerated the note, and, if so, whether such acceleration was wrongful.

GE argues that we may not consider the foreclosure issue on appeal because none of the pleadings related to the foreclosure are included in the record. We disagree; the parties' affidavits addressing the foreclosure counterclaim support our conclusion that disputed issues of material fact remained.

Thus, we conclude that it was error for the trial court to grant GE's motion for summary judgment. On remand, if the trial court determines that GE was entitled to the appointment of a receiver, notwithstanding its failure to give prior notice to FCAL, it must enter judgment for GE. If it determines that GE was not entitled to the appointment of a receiver, it must enter judgment for

FCAL and determine the amount of damages to which FCAL is entitled.

### III. Costs Associated with Receivership

FCAL argues that GE is liable for all expenses incurred by the receiver because GE was not entitled to the appointment of a receiver. We remand for further proceedings.

Relying on *Miller v. Hepner,* 132 Colo. 395, 292 P.2d 968 (1955)(*Miller II*), FCAL argues that the party who improperly obtains the appointment of a receiver is liable for the costs of the receivership.

In *Hepner v. Miller,* 130 Colo. 243, 274 P.2d 818 (1954)(*Miller I*), the supreme court held that, in the absence of a permissive statute, a court of equity has no power to dissolve a going business corporation and appoint a receiver. The court also determined the trial court's appointment of a receiver was improper.

In *Miller II,* the supreme court held that a plaintiff who improperly secures the appointment of a receiver, and not the defendant whose property is wrongfully taken from him or her, is liable for the legitimate expenses of such receivership.

Here, as discussed in Part I, although the trial court improperly appointed a receiver, GE nevertheless may have been entitled to the appointment of a receiver under the deed of trust.

We perceive no reason why the rule articulated in *Miller II* should not be applied when a trial court determines that a party was not entitled to a receiver as a matter of right. However, whether that rule applies in this case depends on what the trial court determines upon remand.

Therefore, on remand, the trial court must determine if GE was entitled to a receiver as a matter of right; and if it was not, the court must direct GE to pay FCAL for the costs and fees associated with the receivership, with interest.

Finally, to the extent that FCAL argues in the alternative that the trial court erred by (1) improperly awarding receiver fees without a hearing or finding that the fees were reasonable, (2) improperly awarding fees for the period of time before the trial court approved the receiver, and (3) improperly discharging the receiver when the receiver had not submitted a proper accounting, we conclude that we lack jurisdiction to address these issues because the receiver was not named a party on appeal. *See Flatiron Paving Co. v. Wilkin,* 725 P.2d 103 (Colo.App.1986)(appellate review precluded because dismissed defendant was not named a party to the appeal).

The order appointing the receiver and the judgment in favor of GE are reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge METZGER and Judge NEY concur.