**AFFIRMED and Opinion Filed October 17, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00042-CV

**BLUE WINDOW CAPITAL, LLC, 2811 HOLMES STREET, IN REM, 2906 HOLMES STREET, IN REM, AND 2712 HOLMES STREET, IN REM, Appellants**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-12986**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

This is an interlocutory appeal from an order expanding the powers of a receiver appointed over three multifamily rental properties owned by Blue Window Capital, LLC. Blue Window contends the trial court erred in expanding the receiver's powers (1) based on alleged reports of crime at the properties, (2) without holding a hearing on the motion requesting supplemental receivership authority, and (3) without first ordering a narrower remedy. For reasons that follow, we affirm the trial court's order.

BACKGROUND

Blue Window owns real property located at 2712 Holmes Street, 2811 Holmes Street, and 2906 Holmes Street in Dallas. Between May 2017 and May 2018, the City of Dallas notified Blue Window of numerous violations of public health and safety ordinances at each of the properties. The alleged violations include failure to maintain building and structural materials in operating condition, failure to maintain flooring in operating condition, failure to maintain exterior doors so they are weather-tight and in operating condition, and failure to maintain interior walls and ceilings in operating condition.

Because Blue Window did not make necessary repairs to the properties, in September 2018, the City filed this lawsuit against it and the properties in rem for enforcement of City health and safety ordinances. The City requested temporary and permanent injunctions requiring Blue Window to bring the properties into compliance with the Dallas City Code and also sought civil penalties. The City asked the trial court to appoint a receiver to take control of the properties.

The trial court did not initially appoint a receiver. Although the court would later appoint Dennis Roossien as receiver, it first appointed him to act as a "court representative." The court's November 6, 2019 order appointing Roossien as court representative was agreed to by the parties. In that role, Roossien was to oversee and guide Blue Window in its efforts to operate and maintain the properties as multifamily rental properties. Blue Window was ordered to make repairs to the

properties and to fully cooperate and meet regularly with Roossien. At least every two weeks, Roossien was to report to the trial court on the condition of the properties and any repair and maintenance activity by Blue Window. If Roossien reported that Blue Window was not making repairs and maintaining the properties in substantial compliance with City ordinances, a presumption would exist that the appointment of a receiver was necessary.

About four months later, on March 2, 2020, the trial court signed an order appointing Roossien as receiver of the properties. The parties also agreed to this order. The trial court appointed Roossien as receiver pursuant to Texas Civil Practice and Remedies Code § 64.001, Texas Local Government Code § 214.003, and Texas Rule of Civil Procedure 695. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(6) (permitting court to appoint receiver in any case in which receiver may be appointed under rules of equity); TEX. LOC. GOV'T CODE ANN. § 214.003(b) (authorizing court to appoint receiver for property if structures on property are in violation of ordinances for public health and safety).

Roossien was granted less than full statutory authority as receiver. He was authorized and directed to make any reasonable repairs necessary to bring the properties into substantial compliance with City ordinances and to establish reasonable measures to reduce criminal activity at the properties. But Blue Window remained in possession and control of the properties with full authority to collect rent. Within ten days of the order, Roossien and Blue Window were to coordinate

to (1) create an estimate of the cost and time needed for repairs, and (2) establish reasonable measures to reduce criminal activity. Roossien and Blue Window were also to coordinate to install security cameras on the properties within a reasonable time. At least quarterly, Roossien was to report his activities as receiver to the Court and the City.

In addition, the trial court ordered Blue Window to deposit $200,000 into an escrow account within ten days. The costs of repairs and materials were to be paid out of that account upon written agreement of Roossien and Blue Window or at the trial court's direction. Blue Window was also required to maintain a certain balance in the account, as specified in the order.

Although the City's original petition did not include a claim under Chapter 125 of the Texas Civil Practice and Remedies Code, such a claim was mentioned in the agreed order appointing Roossien as receiver with limited powers. Chapter 125 authorizes suits to enjoin and abate a common nuisance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 125.002. A common nuisance exists if a person maintains a place where people habitually go to commit certain illegal activities, knowingly tolerates the activity, and fails to make reasonable attempts to abate the activity. *Id.* § 125.0015. The trial court's agreed order provided that upon completion of the repairs, the City "will be deemed to release [Blue Window] and the Properties from any and all claims for civil penalties and any and all causes of action for nuisance violations as provided for in Chapter 125 of the Texas Civil Practice and Remedies

–4–

Code." The order abated any claims for civil penalties or for nuisance violations during the pendency of the receivership.

On November 19, 2021, about twenty months after Roossien was appointed as receiver, the City filed a "Motion for Supplemental Receivership Authority." The City claimed the condition of the properties had declined, with Code violations worsening and a "staggering increase in criminal activity." The City alleged that the Code violations cited in its petition still exist and that there were new violations. The City also listed crimes that allegedly occurred at the properties, including a murder at 2906 Holmes. The City argued that because the receiver's power was limited, he was unable to address the issues on the properties.

In addition, the City's motion alleged that Blue Window had failed to comply with court orders. For example, on May 3, 2021, the trial court ordered Blue Window to either pay a contractor or prepare a "punch list" of Code violations for each property and obtain a contractor to abate the violations. According to the City, Blue Window had not paid the contractor or made substantial progress on the punch list.

The City asked the trial court to grant Roossien the authority to take possession and control of the properties. Attached to the City's motion was an affidavit from a Code Inspector for the City who stated that Code violations were still present at the properties. In her opinion, the condition of the properties posed a substantial danger for many reasons, including structural instability and violations

–5–

that are adverse to the health and safety of the tenants. Blue Window did not file a response to the motion.

The City filed a notice of a December 6, 2021 hearing on the motion, and on that day, the trial court held a hearing. The cover page of the reporter's record from the hearing indicates the proceeding involved a motion to release funds and cross-motion for show cause order and the motion for supplemental receivership authority. At the start of the hearing, the trial court asked the City's attorney the reasons for the hearing. The City's attorney indicated the receiver filed the show cause motion and stated that "depending on how his Show Cause hearing goes, you know, we are requesting supplemental receivership authority." The trial court took up the show cause motion first, reasoning that if it was going to give the receiver additional authority, it should first establish Blue Window had not done what it should have.

Roossien identified several ways in which Blue Window failed to comply with the trial court's orders. For example, Blue Window had not provided him an accounting. Blue Window had owed $30,000 to a contractor for nearly a year. It also had an obligation to restore $70,000 to the escrow account that had been withdrawn in August. Roossien did not know whether Blue Window had the funds to make a $70,000 deposit. Another issue was the provision of "realtime-access functioning security cameras" at the properties. Cameras were supposed to be operating by April 27, but Roossien had not been given access to any cameras and did not know if they were functioning. In addition, Blue Window had not paid

$25,000 in sanctions the court previously ordered for Blue Window's failure to install the cameras. Blue Window also failed to complete work that needed to be done at the properties. Roossien suggested an appropriate sanction would be closing one of Blue Window's buildings—"the one that has the most crime going on."

Counsel for Blue Window responded that Blue Window provided "P&L statements for 2020" to show its revenue. Further, counsel stated there had been technical issues in installing the cameras. Additional parts and an electrician were needed. Also, the properties needed extensive work, such as sewer line replacement and foundation work, and the work had been delayed. Blue Window planned to present two witnesses—a contractor to testify as to the causes for delay and Blue Window's principal, Stewart McCray, to testify about efforts to comply with court orders. Counsel asked the court to continue to allow McCray to operate the properties.

The trial court asked McCray why Blue Window was not in compliance with court orders. McCray testified cameras were installed in February, but were not strong enough to get the needed footage. Installation of different equipment was in progress. The court also asked about rental income from the properties. McCray testified that in the previous 30 days, he collected about $5400 in rent and consistently received $5000 to $7000 a month in rent. When Roossien questioned McCray about money received from the State under a Covid rent relief program, McCray did not want to speculate on the amount received. The court pressed him

for an answer, and McCray estimated Blue Window received about $40,000. Roossien then asked if McCray had received $200,000 under the program, and McCray testified "not that I know of."

When McCray testified he deposited $50,000 into the escrow account since August, Blue Window's attorney asked the trial court for a recess because she had "some concerns." The judge stated it would not be appropriate to stop the questioning so counsel could talk to her client about his answers. At that point, counsel stated it might be best for her to withdraw from the case. The judge indicated he would consider a written motion to withdraw, but was going to proceed with the hearing. Counsel for Blue Window then informed the trial court that her concerns were with the veracity of some of McCray's testimony. The trial court noted counsel's concerns. Roossien decided not to ask McCray any more questions. The judge asked Blue Window's counsel if she had further testimony for the court and she responded no.

The trial judge was "exceedingly troubled" by the status of the case and asked the receiver what he wanted the court to do. Roossien suggested shutting down 2906 Holmes, the site of most of the crime. The court expressed concern for the tenants and suggested the tenants pay rent directly to the receiver. In response, Blue Window asked for more time to complete repairs and to maintain a consulting or cooperative role with the receiver. Roossien expressed his desire to be able to collect rent. He

also wanted to deal with the lack of a cash accounting. The court said it would grant Roossien's requests, and Roossien planned to send the court an appropriate order.

The next day, the trial court issued an order granting the City's motion for supplemental receivership authority. The court granted Roossien "full powers of a receiver" pursuant to Chapter 64 of the Texas Civil Practice and Remedies Code and § 214.003 of the Texas Local Government Code. Roossien was to receive and take charge of the properties and all assets, including rent, within 3 days. Among other things, the court granted the receiver the power to conduct the daily operations of the property, establish and maintain bank accounts for the deposit of funds collected in connection with administration of the properties, dispense funds to pay for repairs and maintenance of the properties, and implement crime prevention measures necessary to address criminal activity. The court prohibited Blue Window and its agents from interfering in any manner with the properties or the actions of the receiver.

In its order, the trial court found it reasonable and necessary to appoint a receiver with full power because Blue Window (1) failed to abate Dallas City Code violations, (2) failed to implement reasonable security measures on the properties, (3) violated the court's orders of November 20, 2020, February 3, 2021, May 3, 2021, and June 30, 2021, and (4) lacked sufficient funds to operate the property legally.

Blue Window moved to set aside the order. In January 2022, the court held a hearing on Blue Window's motion to set aside, as well as another motion to show cause filed by the receiver. Blue Window acknowledged the City's motion seeking supplemental receivership authority was set for hearing on December 6, but argued the court did not hear or rule on the motion at the hearing. It asked the court to set the order aside and give it the opportunity to present argument against the motion. The City's response was that the receiver's show cause motion laid the foundation the court needed to rule on the City's motion asking for supplemental receivership authority.

The trial court asked Blue Window if it wanted to be heard on the underlying motion at that time, but Blue Window's counsel was not prepared to take up the merits of the motion. The trial court denied the motion to set aside. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (permitting interlocutory appeal of order that appoints receiver).

### APPLICABLE LAW

A home-rule municipality such as the City of Dallas may bring an action in district court against the owner of a property that is not in substantial compliance with certain municipal ordinances, including ordinances for preservation of public health and safety. TEX. LOC. GOV'T CODE ANN. § 214.003(a); *see id.* § 54.012. The court is authorized to appoint a receiver for the property if it finds that structures on the property are in violation of such an ordinance. *Id.* § 214.003(b). A court-

–10–

appointed receiver may exercise all authority that an owner of the property would have except for the authority to sell the property. TEX. LOC. GOV'T CODE ANN. § 214.003(g). This authority includes taking control of the property, collecting rents due, and making or having made any repairs necessary to bring the property into compliance with minimum standards in local ordinances. *Id.* We review a trial court's order appointing a receiver for an abuse of discretion. *Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.).

Although not mentioned in the briefing by either side, the appellate record in this case is incomplete. The clerk's record includes the City's original petition and Blue Window's answer, the agreed orders appointing Roossien as court representative and receiver, the City's motion to supplement receivership authority and the trial court's order granting that motion, and the trial court's docket sheet. The clerk's record indicates there were many other filings and orders over the three years this case was pending prior to this appeal. We do not have the four orders that Blue Window was found to be in violation of in the order giving Roossien full power as receiver. We are also missing multiple reports filed by Roossien as both court representative and receiver, a motion for civil contempt sanctions, the receiver's motions to show cause, and several show cause orders, among other things.

An appellant bears the burden to bring forward a record that enables the appellate court to determine whether appellant's complaints constitute reversible error. *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no

–11–

pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). When a record is incomplete and, as in this case, the rules on partial records do not apply, we must presume the missing portion of the record supports the factual determinations made by the factfinder. *Id.*

ANALYSIS

In its first issue, Blue Window argues the trial court abused its discretion in expanding the receiver's powers due to alleged reports of crime at the properties. Blue Window bases this argument on the language in the agreed order initially appointing Roossien as receiver that abated any Chapter 125 claim for nuisance due to alleged criminal activity.[1] At the December 6 hearing, Blue Window stated that with regard to the attempt to abate crime, there was no Chapter 125 action in this case. Without citation to legal authority, Blue Window contends the court erred in granting receivership with full power based on criminal activity when the court was not asked to decide a Chapter 125 claim.

The trial court did not identify an increase in crime as a direct reason for giving Roossien more power as receiver. Rather, it was Blue Window's failure to implement reasonable security measures, such as the court-ordered security cameras,

---

[1] As stated, the City's original petition did not include a Chapter 125 claim for common nuisance. According to the trial court's docket sheet, the City filed an amended petition that Blue Window moved to strike. Before a scheduled hearing on the motion to strike, the parties reached an agreement on the motion and the trial court issued an order on the motion. These documents are not part of the appellate record.

that was one of the reasons for the decision to increase Roossien's authority. To the extent the trial court considered an increase in crime, however, it did not abuse its discretion. When the parties agreed for Roossien to be appointed as a receiver instead of court representative, they agreed he could establish reasonable measures to reduce criminal activity at the properties. The trial court's agreed order initially appointing Roossien as receiver, signed by the parties, required Blue Window to work with Roossien to reduce crime at its properties. We cannot conclude it was an abuse of discretion for the trial court to consider an increase in criminal activities at the properties when later deciding the City's request for expanding the receiver's powers.

Further, even if the trial court erred in considering increased crime, we cannot conclude the error was reversible. Blue Window's failure to implement security measures was not the only reason the trial court granted Roossien full power. The trial court also considered Blue Window's failure to abate Code violations, violation of multiple court orders, and lack of funds to operate the properties. Blue Window has not challenged these other reasons supporting the trial court's decision to increase the receiver's power. *See* TEX. R. APP. P. 44.1(a). We overrule Blue Window's first issue.

In its second issue, Blue Window contends the trial court abused its discretion by failing to hold a hearing on the City's motion to expand the receiver's powers. Blue Window relies on Texas Rule of Civil Procedure 695, which provides:

–13–

> [N]o receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing.

TEX. R. CIV. P. 695; *see Independent Am. Sav. Ass'n v. Preston 117 Joint Venture*, 753 S.W.2d 749, 750 (Tex. App.—Dallas 1988, no writ). Blue Window contends the City's motion was not actually heard at the December 6 hearing.

The December 6 hearing was apparently scheduled for two motions, one filed by the receiver and one filed by the City. The City's motion for supplemental receivership authority was mentioned at the start of the hearing. But the trial court first took up the receiver's show cause motion because there was a connection between the receiver's arguments and whether the receiver should be given additional authority as the City requested in its motion. Neither the court nor the parties mentioned the City's motion again at the hearing. The City did not expressly argue its motion and its counsel spoke only a handful of times. The trial court signed an order the following day granting the motion.

A major focus of the December 6 hearing was whether, due to Blue Window's conduct, the receiver should be given control of the properties. Blue Window presented the idea of doing away with the receivership altogether. The City opposed that idea, citing Blue Window's violation of court orders and lack of progress on the properties. Blue Window attempted to counter the receiver's evidence that Blue

–14–

Window was not in compliance with court orders and not making progress repairing the properties, but cut its presentation of evidence short due to issues with the truthfulness of McCray's testimony. The trial court asked counsel for Blue Window what the court should do to ensure compliance with court orders. Counsel argued Blue Window should remain in control of the properties.

Due to the intertwined nature of the motions before the trial court on December 6, the court at least implicitly gave Blue Window the opportunity to be heard, and Blue Window at least implicitly presented evidence and argument, on the issue of whether Roossien should be given full receivership authority. In addition, to the extent Blue Window was not heard in opposition to the expansion of the receiver's powers on December 6, it had the express opportunity to be heard a month later. The court gave Blue Window the chance to argue against the merits of the City's motion at the hearing on Blue Window's motion to set aside, but Blue Window was unprepared to do so. Given these circumstances, the trial court did not abuse its discretion in how it handled having a hearing on the City's motion. We overrule Blue Window's second issue.

In its third issue, Blue Window argues the trial court abused its discretion by failing to provide a narrower remedy before granting the receiver supplemental authority. Blue Window suggests the trial court should have limited the grant of full receivership powers to the property with the most criminal activity, 2906 Holmes, a

–15–

position which seems contrary to its argument in issue one that the court should not have considered reports of crime at the properties.

This case was pending for over three years before the trial court appointed a receiver with the full amount of power authorized by Local Government Code § 214.003. Prior to that, the trial court considered and implemented less drastic measures that were ineffective. The trial court first appointed Roossien as a court representative to work with Blue Window on completing the needed repairs. The court next appointed Roossien as a receiver over the properties, but limited his powers. Roossien did not have authority to take control of the properties or collect rent. Yet under this arrangement, the appellate record shows Blue Window failed to comply with the trial court's orders, including failing to complete the necessary repairs and maintenance, failing to pay for work that was done, and failing to install security cameras. In addition, we assume the show cause orders and other documents that are missing from the appellate record further support the trial court's decision to grant the receiver additional authority. The trial court was well within its discretion in expanding the receiver's powers when it did. We overrule Blue Window's third issue.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

220042F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BLUE WINDOW CAPITAL, LLC,
2811 HOLMES STREET, IN REM,
2906 HOLMES STREET, IN REM,
AND 2712 HOLMES STREET, IN
REM, Appellants

No. 05-22-00042-CV        V.

CITY OF DALLAS, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-12986.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's December 7, 2021 Order Granting Motion for Supplemental Receivership Authority is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellants BLUE WINDOW CAPITAL, LLC, 2811 HOLMES STREET, IN REM, 2906 HOLMES STREET, IN REM, AND 2712 HOLMES STREET, IN REM.

Judgment entered October 17, 2022.